Nancy SCHULZ, individually, and as the mother of Chelsea Schulz, Plaintiff-Appellant,

v.

Herman D. NIENHUIS, M.D., The Professionals Insurance Company, Mercy Hospital, and State of Wisconsin Patients Compensation Fund, Defendants-Respondents-Petitioners.

Supreme Court

*No. 89–0082. Argued October 31, 1989.—Decided December 12, 1989.*

(Also reported in 448 N.W.2d 655.)

There were joint briefs by *Curtis C. Swanson, Edith F. Merila* and *Axley Brynelson,* Madison, and oral argu-

ment by *Ms. Merila* for Mercy Hospital and State of Wisconsin Patients Compensation Fund; and by *Thomas Lockyear, Patricia A. Dicke* and *Bell, Metzner, Gierhart & Moore, S.C.,* Madison and oral argument by *Mr. Lockyear* for the Professionals Insurance Company, State of Wisconsin Patients Compensation Fund and Herman D. Nienhuis, M.D.

For the plaintiff-appellant there was a brief by *Raymond E. Schrank, II, Peter E. Hans* and *Schrank & Schultz,* Madison and oral argument by *Mr. Hans.*

Amicus curiae brief was filed by *Mark L. Adams* and *Sally L. Wencel,* Madison, for the State Medical Society of Wisconsin.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals dated May 13, 1989, reversing a judgment of the circuit court for Rock county, Patrick J. Rude, circuit judge. In a suit alleging medical malpractice,[1] the circuit court granted the defendants' (the doctor, insurance carrier, and the hospital) motion for summary judgment against plaintiff Nancy Schulz and dismissed the action on the ground that the plaintiff failed to participate in a mediation session within the statutory mediation period prescribed in sec. 655.465(7), Stats. 1987–88. Relying on *Gauger v. Mueller,* 149 Wis. 2d 737, 439 N.W.2d 637 (Ct. App. 1989), the court of appeals held that the plaintiff's failure to participate in a mediation session within

---

[1] The term "medical malpractice" is used in sec. 655.42 (2). The statute requires "any person listed in s. 655.007 having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider . . ." to file a request for mediation. Sections 655.44(1), 655.445(1), Stats. 1987–88.

the statutory mediation period prescribed in sec. 655.465(7) does not require the circuit court to dismiss the action and the circuit court may determine the appropriate remedy for the plaintiff's failure to participate in a mediation session within the statutory mediation period. The court of appeals reversed the judgment of the circuit court and remanded the cause for further proceedings consistent with *Gauger.* The defendants sought review in this court, seeking reversal of the decision of the court of appeals.

The issue presented is whether the circuit court must dismiss an action when a claimant in a medical malpractice case fails to participate in a mediation session within the 90- or 93-day period prescribed in sec. 655.465(7), Stats. 1987–88. [2]

We hold that a claimant's failure to participate in a mediation session within the statutory mediation period under sec. 655.465(7) does not require the circuit court to dismiss the action and that the circuit court may determine the appropriate remedy for a claimant's failure to participate in a mediation session within the statutory mediation period. We affirm the decision of the court of appeals.

The facts relating to the issue on review are undisputed. On November 3, 1987, the plaintiff, Nancy Schulz, filed a summons and complaint in the circuit court for Rock county. Service was obtained on all defendants within 60 days, pursuant to sec. 801.02(1), Stats. 1987–88. The complaint alleges that the defendants Herman D. Nienhuis, M.D., and Mercy Hospital

---

[2] The statute provides for a 90-day period or a 93-day period if a request for mediation is sent by registered mail. The plaintiff in this case mailed the request but not by registered mail. We generally refer to the period prescribed by sec. 655.465(7) as the statutory mediation period or the 90-day period.

were negligent in their treatment and care of the plaintiff during the course of her pregnancy causing a stillbirth delivery on May 30, 1985.

On November 11, 1987, eight days after the filing of the action, the plaintiff's attorney sent a request for mediation through regular (not registered) mail to the director of the medical mediation panels pursuant to sec. 655.445(1), Stats. 1987–88. This request was timely and is not an issue in this case.

On November 17, 1987, the director sent a notice to each party listed in the request for mediation, stating that a request for mediation had been filed and a mediation session would be scheduled within 90 days. On December 17, 1987, the director notified the parties that a mediation session would be held on February 5, 1988, at 10:00 a.m. in Janesville. The notice requested that parties communicate with the medical mediation panel office about any conflict regarding the scheduled mediation session. It further stated that any party requesting a rescheduling of the noticed mediation session must communicate with all parties and provide the director with a mutually agreeable alternative date for the mediation session.

On December 22, 1987, plaintiff's attorney informed the director of a scheduling conflict with the February 5 date and asked that the mediation session be rescheduled. The director informed all counsel by letter, dated December 23, 1987, that the February 5 mediation session had been canceled and asked plaintiff's attorney to communicate with counsel for the other parties about rescheduling the mediation session.

Plaintiff's attorney communicated with counsel for the other parties and advised the director that they had agreed to reschedule the mediation session for February 12. The director sent a notice of the mediation session to

437

all counsel on January 14 and January 19, 1988, advising them of the time and place of the February 12, 1988 mediation session. Again, the notice explained the procedure for rescheduling in the event of a conflict.

On February 3, 1988, the plaintiff's attorney wrote to the director and identified a potential conflict between himself and the physician member of the mediation panel. That physician had been named by plaintiff's attorney as a defendant in two medical malpractice actions. In addition, on February 5, 1988, the secretary to plaintiff's attorney telephoned the director and requested that the February 12 mediation session be canceled because the plaintiff's attorney would not be available on that day. On February 8, 1988, the director canceled the February 12 mediation session by letter to all counsel of record. In that letter the director again asked that plaintiff's attorney communicate with counsel for the other parties to reschedule the mediation session.

The 90-day statutory mediation period set forth in sec. 655.465(7) expired on February 15, 1988. No mediation session was held on or before that date. The parties did not execute a written agreement, as provided in sec. 655.465(7), to extend the statutory mediation period.

Plaintiff's attorney wrote to the director on May 13, 1988, and September 23, 1988, requesting that a mediation session be scheduled as soon as possible. These requests were made after the statutory mediation period had expired and after the defendants had moved for summary judgment in circuit court, alleging plaintiff's failure to comply with the requirements of sec. 655.465(7).

The circuit court granted the defendants' motion for summary judgment. The court of appeals reversed the judgment.

On review in this court the defendants urge us to hold that the legislature intended to make participation in a mediation session mandatory within the statutory mediation period. They argue that when no mediation session is held within the statutory mediation period, as in this case, the claimant loses the right to proceed to trial. The defendants rest their argument on the structure of the mediation statute. They contend that the mediation statute would be rendered meaningless if a claimant could delay the holding of the mediation session, avoid mediation, and then proceed with litigation without participating in a mediation session.

We are not persuaded by the defendants' interpretation of the mediation statute. We conclude, as did the court of appeals in *Gauger v. Mueller,* 149 Wis. 2d 737, 439 N.W.2d 637 (Ct. App. 1989), that a claimant's failure to participate in a mediation session within the statutory mediation period does not require dismissal of the suit. We reach this conclusion by examining the legislative intent and purpose as demonstrated in the provisions of the mediation statute and the structure of the statute as a whole.

The legislature adopted the present mediation system for medical malpractice cases in 1985, effective in 1986, repealing statutes creating the patients compensation panel. The legislature expressly stated that it intended the mediation system to provide "an informal, inexpensive and expedient means for resolving disputes without litigation." Section 655.42(1), Stats. 1987–88.

To this end, the statute declares that the claimant and all respondents "shall participate in mediation under this subchapter." Section 655.43, Stats. 1987–88. The statute does not, however, define what "participate in mediation" entails. When viewed in its entirety, the statute provides only a rudimentary framework for

scheduling a mediation session either before or after the claimant files a summons and complaint.

The statute provides that any person filing a medical malpractice action in court shall file a request for mediation within 15 days after the date of filing an action. Section 655.445(1), Stats. 1987-88. [3] The mediation period commences upon the director's receiving a request for mediation if delivered in person or at the mailing of the request if sent by registered mail. Section 655.465(7). The director appoints a mediation panel and advises the parties of the date, time, and place of the mediation session. Section 655.465(1). The director may change the date, time, and place of the mediation session as necessary to accommodate the parties. Under sec. 655.465(1), the director's power to fix the date of the mediation session is subject to the requirement that the mediation session be held before the expiration of the statutory mediation period. The statute is silent regarding the consequences of the failure of the director to fix a date for the mediation session within the statutory mediation period.

According to sec. 655.465(7), Stats. 1987-88, [4] "the period for mediation" expires 90 days after the director

---

[3] A claimant may instead file a request for mediation first and then file an action in court. Section 655.44, Stats. 1987-88. This procedure was not used in this case, and we do not discuss it.

[4] Section 655.465(7), Stats. 1987-88, defines the statutory mediation period as follows:

> Mediation period. The period for mediation shall expire 90 days after the director receives a request for mediation if delivered in person or within 93 days after the date of mailing of the request to the director if sent by registered mail, or within a longer period agreed to by the claimant and all respondents and specified by them in writing for purposes of applying ss. 655.44(4) and (5) and 655.445(3).

receives a request for mediation if the request is delivered in person or within 93 days after the date of sending the request to the director by registered mail. Apparently the parties may specify a longer mediation period in writing for the purposes of applying three provisions of the law: secs. 655.44(4) and (5) and sec. 655.445(3).[5] Of these three sections, only sec. 655.445(3) applies to this case.

Section 655.445(3) provides that "no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under sec. 655.465(7)." Thus litigation cannot proceed until the statutory mediation period ends. The prohibition on pretrial activities applies to the entire 90-day period. No provision is made for allowing parties who complete the mediation session before the statutory mediation period expires to proceed to trial. The period for mediation under the statutes therefore seems to be a statutory "cooling off" period, apparently unrelated to whether a mediation session occurs during that period.

The defendants contend that sec. 655.465(7) requires the mediation session to be held within the original or extended statutory mediation period. We do not read this provision that way. The statute permits the parties to extend the statutory mediation period for purposes of delaying the pretrial proceedings set forth in

---

[5] Section 655.465(7) is silent about allowing the parties to extend the period for mediation by an agreement in writing for purposes of continuing to toll the time periods set forth in sec. 655.445(2). Section 655.445(2) provides that "all time periods under s. 802.10(2) [actions deemed ready for trial 1 year after summons and complaint are filed] and (3)(a) and (b) [scheduling conference and order] are tolled on the date of filing the court action. The time periods remain tolled until the expiration of the mediation period under s. 655.465(7)."

sec. 655.445(3). Under the statute, once the mediation period (90 days, 93 days, or as extended) expires, the parties may hold pretrial proceedings. The statute implies that the litigation continues after the statutory mediation period expires, regardless of whether a mediation session took place.

When considering the provisions of chapter 655 and their interrelationship, we are hard pressed to find any statutory provisions supporting the defendants' interpretation that a claimant's failure to participate in a mediation session within a 90-day period requires dismissal of the lawsuit. The statute is silent about the length of the mediation session, continuances of a mediation session, the necessity for good faith participation in the session, and the results of the mediation session. No statutory provisions state that a mediation session must have taken place during the statutory mediation period. Furthermore, the statute does not prohibit conducting a mediation session after the statutory mediation period expires.[6] The statute is silent about the consequences of the claimant's failure to participate in a mediation session within the statutory mediation period.[7]

---

[6] The statute does provide that there is to be no record of the mediation proceedings; no physical examinations or production of records may be ordered during the mediation session; no witnesses may be subpoenaed and no oaths may be administered during the mediation session; no expert witnesses, opinions or reports may be submitted during the mediation session, but the mediation panel may consult with an expert; and patient health care records in the possession of a mediation panel shall be kept confidential. Section 655.58, Stats. 1987–88.

[7] We have examined the legislative history of these provisions and find no information helpful to explain the statutory silences. Previous versions of the bill had more detailed descriptions of the mediation system.

If the legislature intended the result the defendants urge, it could have expressly stated that a claimant's failure to participate in a mediation session within the statutory mediation period results in dismissal. It did not do so. In the absence of express language, we are unwilling to read the harsh penalty of dismissal of the lawsuit into the mediation statute. The tenor of modern law is to avoid dismissal of cases on technical grounds and to allow adjudication on the merits.

Moreover, strong practical reasons militate against reading the mediation statute as requiring dismissal of the lawsuit if a claimant does not participate in a mediation session within the statutory mediation period. A multitude of events could cause a mediation session to be delayed beyond the statutory period: illness or weather; fixing a date convenient for all parties; the need to appoint different mediators. See *Bertorello v. St. Joseph's Hosp. of Marshfield, Inc.,* 685 F. Supp. 192, 195 (W.D. Wis. 1988). The defendants' interpretation of sec. 655.465(7) would mean that a claimant, regardless of fault, would lose all legal redress because the mediation session did not occur within the 90-day period. This interpretation contradicts the legislature's expressed intent of providing an informal, inexpensive, and expedient mediation system.

For the reasons set forth, we affirm the decision of the court of appeals reversing the judgment of the circuit court and remanding the cause for further proceedings.

*By the Court.*—The decision of the court of appeals is affirmed.

Compare the Iowa farm mediation service. *Graham v. Baker,* 447 N.W.2d 397 (Iowa 1989).