744 S.E.2d 547

John Thomas ROSS, Appellant,

v.

WACCAMAW COMMUNITY HOSPITAL, Dr. Webster N. Jones, III, and Dr. David R. Anderson, Defendants,

of whom, Dr. Webster N. Jones, III, and Dr. David R. Anderson are, Respondents.

Appellate Case No.2010–155046.

No. 27276.

Supreme Court of South Carolina.

Heard Feb. 21, 2013.

Decided June 26, 2013.

Karl S. Brehmer and L. Darby Plexico, III, both of Brown & Brehmer, of Columbia, for Appellant.

John B. McCutcheon, Jr., and Lisa A. Thomas, both of Thompson & Henry, PA, of Conway, and Andrew F. Lindemann, of Davidson & Lindemann, PA, of Columbia, and Darren K. Sanders, of Buyck and Sanders Law Firm, LLC, of Mt. Pleasant, for Respondents.

Justice KITTREDGE.

Section 15–79–125 of the South Carolina Code requires a pre-suit mediation process for medical malpractice claims. The statute further requires that the pre-suit mediation conference be completed within a 120–day period, which may be extended for an additional 60–day period. This appeal presents the question of whether the failure to complete the mediation conference in a timely manner divests the trial court of subject matter jurisdiction and requires dismissal. We hold that the failure to complete the mediation conference in a timely manner does not divest the trial court of subject matter jurisdiction and dismissal is not mandated. We reverse the contrary decision of the trial court and remand for the pre-suit mediation process to be completed.

## I.

### A.

### Section 15–79–125 and the pre-suit mediation conference

As part of the Tort Reform Act of 2005 Relating to Medical Malpractice,[1] the Legislature enacted section 15–79–125 of the South Carolina Code, which requires a medical malpractice plaintiff to file and serve a Notice of Intent to File Suit (Notice of Intent) before the plaintiff may initiate a civil action. S.C.Code Ann. § 15–79–125(A) (Supp.2012). The Notice of Intent must contain a statement of the facts upon which the plaintiff's claim is based, be accompanied by an affidavit of an expert witness identifying at least one negligent act or omission claimed to exist, and include the standard interrogatories required by the South Carolina Rules of Civil Procedure (SCRCP). *Id.* Filing the Notice of Intent tolls the statute of limitations. *Id.* at § 15–79–125(C).

Following service of the Notice of Intent, the parties are required to participate in a mediation conference. Specifically, subsection (C) provides:

Within ninety days and *no later than one hundred twenty days* from the service of the Notice of Intent to File Suit, the parties *shall* participate in a mediation conference *un-*

---

1. 2005 Act No. 32, § 5, eff. July 1, 2005.

*less an extension for no more than sixty days is granted by the court based upon a finding of good cause.*

*Id.* § 15–79–125(C) (emphasis added).

Subsection (C) is silent as to the consequences of failing to timely comply with the mediation conference. Subsection (C) does, however, provide that the South Carolina Alternative Dispute Resolution Rules (SCADRR or alternative dispute resolution rules) govern the mediation process, unless the alternative dispute resolution rules are inconsistent with the statute. *Id.* § 15–79–125(C). Regarding enforcement, subsection (D) explicitly recognizes the circuit court's authority to ensure parties comply with the statutory pre-suit mediation requirements. *Id.* § 15–79–125(D). Only if the matter cannot be resolved through mediation may a plaintiff thereafter initiate a civil action by filing a summons and complaint. *Id.* § 15–79–125(E).

## B.

### Appellant's allegations of medical malpractice and section 15–79–125

On two separate occasions Appellant John Thomas Ross reported to Waccamaw Community Hospital[2] with severe abdominal pain and was seen by Respondents, Dr. Webster N. Jones and Dr. David R. Anderson. It is alleged that Appellant had a bowel obstruction. Although a CT scan was performed each visit, neither Dr. Jones nor Dr. Anderson recommended that Appellant undergo a follow-up colonoscopy, and each time Appellant's colon condition was allegedly misdiagnosed. Appellant believed Respondents' failure to recommend a colonoscopy and properly diagnose his bowel obstruction amounted to professional negligence. Appellant served a Notice of Intent upon Respondents on November 25, 2008. Therefore, the section 15–79–125 mediation time period of 120 days expired on March 25, 2009.

The parties initially scheduled mediation for March 12, 2009. Due to a subsequent scheduling conflict, however, Appellant's counsel requested that mediation be postponed one week until March 18, 2009—which was within the 120-day period. How-

---

2. Waccamaw Community Hospital is not a party to this appeal.

ever, Appellant's counsel was thereafter required to appear for trial of another case on March 18, 2009, and the mediation conference was rescheduled once again, this time for May 20, 2009—outside the 120–day time period.[3] The mediation conference was rescheduled for May 20 with the consent of all involved. None of the parties sought an extension from the circuit court to enlarge the statutory time period, and all parties proceeded as though the mediation would occur, even after the 120–day deadline lapsed.[4]

Nevertheless, six days before mediation was scheduled to take place, Respondents refused to participate, claiming the mediation conference was untimely under section 15–79–125(C) because Appellant failed to seek a sixty-day extension from the circuit court. Specifically, Respondents contended section 15–79–125 is a jurisdictional statute and that, absent a sixty-day extension granted for good cause, a Notice of Intent automatically expires if mediation is not conducted within 120 days of its filing, and the circuit court no longer has jurisdiction to entertain the matter.

Wishing to proceed with the rescheduled conference, Appellant filed a motion to compel the mediation. Appellant contended that nothing in section 15–79–125 deprived the circuit court of jurisdiction if the mediation conference fails to take place within 120 days and that such a reading of the statute would be contrary to the Legislature's intent. Appellant further pointed to subsection (D), which specifically recognizes the circuit court's jurisdiction to enforce the mandatory mediation requirement.[5] Moreover, and also with regard to legislative intent, Appellant cited to the SCADRR, which grant the court wide latitude in enforcing alternative dispute resolution requirements.

---

3. Although this date was outside the 120–day period, it was within the sixty-day extension period available under 15–79–125(C).

4. For example, defense counsel pursued a subpoena for Appellant's medical records from the Department of Veterans Affairs on April 16, 2009—three weeks past the 120–day deadline.

5. Section 15–79–125(D) states "[t]he circuit court has jurisdiction to enforce the provisions of this section."

Thereafter, Respondents moved to dismiss Appellant's Notice of Intent pursuant to Rule 12(b)(1), SCRCP, reiterating their argument that section 15–79–125 prohibits mediation beyond the 120–day deadline and the parties' failure to mediate within the 120–day deadline deprived the circuit court of jurisdiction to enforce the provisions of that statute. Respondents concluded that the trial court was required to dismiss the Notice of Intent. The trial court accepted Respondents' argument in its entirety, granting Respondents' motion to dismiss and denying Appellant's motion to compel the scheduled mediation. In addition, the trial court dismissed not only the Notice of Intent, but also purported to dismiss the underlying medical malpractice action, which had not yet been filed. This appeal followed.

## II.

### Analysis

 Appellant argues the circuit court erred by granting Respondents' motions to dismiss. We agree and hold that the circuit court retained jurisdiction after the expiration of the 120–day mediation period. We further hold that under the facts presented and the motions before the circuit court, the court should have granted Appellant's motion to compel mediation.

 " 'Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below.' " *Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 535, 725 S.E.2d 693, 695 (2012) (quoting *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011)). "It is well-established that 'the cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature.' " *Id.* (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)). "Therefore, the courts are bound to give effect to the expressed intent of the legislature." *Id.* "It is only when applying the words literally leads to a result so patently absurd that the General Assembly could not have intended it that we look beyond the statute's plain language." *Id.* at 536, 725 S.E.2d at 695–96 (citing *Cabiness v. Town of James Island*, 393 S.C. 176, 192, 712 S.E.2d 416, 425 (2011)).

■ Further, "statutes in derogation of the common law are to be strictly construed." *Id.* at 536, 725 S.E.2d at 696 (citing *Epstein v. Coastal Timber Co.*, 393 S.C. 276, 285, 711 S.E.2d 912, 917 (2011)). "Under this rule, a statute restricting the common law will 'not be extended beyond the clear intent of the legislature.' " *Id.* (quoting *Crosby v. Glasscock Trucking Co.*, 340 S.C. 626, 628, 532 S.E.2d 856, 857 (2000)). "Statutes subject to this rule include those which 'limit a claimant's right to bring suit.' " *Id.* (quoting 82 C.J.S. *Statutes* § 535).

■ Although section 15–79–125(C) provides that the mediation conference should occur within 120 days, the statute is silent as to the consequences of the parties' failure to do so within the prescribed timeframe. Significantly, the General Assembly expressly identified the SCADRR as the governing procedural rules, which favor pretrial dispute resolution in lieu of litigation. *See, e.g.,* Rule 1, SCADRR ("These rules shall be construed to secure the just, speedy, inexpensive and collaborative resolution in every action to which they apply."). It is clear that the Legislature enacted section 15–79–125 to provide an informal and expedient method of culling prospective medical malpractice cases by fostering the settlement of potentially meritorious claims and discouraging the filing of frivolous claims.

To accept the view advanced by Respondents would lead to an absurd statutory construction. Specifically, Respondents would have this Court construe section 15–79–125 as a trap for plaintiffs with potentially meritorious claims. Given the pressures of practicing law for even the moderately busy practitioner, completion of the mediation conference in a timely manner will not always be achievable. Respondents' interpretation is ripe for mischief, as defendants could easily thwart timely completion of the mediation conference, and then seek dismissal of the Notice of Intent and reinstatement of the statute of limitations. A mandated penalty of dismissal, as urged by Respondents, for lack of subject matter jurisdiction is fundamentally at odds with the language and purpose of section 15–79–125.

■ We conclude the time period set forth in section 15–79–125 was not intended to place limitations on the circuit court's subject matter jurisdiction. Indeed, the plain language

of subsection (D) refutes such an interpretation, as it unambiguously acknowledges the circuit court's jurisdiction to enforce that section's provisions without limitation. Thus, we hold that failing to comply with the 120–day statutory time period is a non-jurisdictional procedural defect. *C.f. Skinner v. Westinghouse Elec. Corp.*, 380 S.C. 91, 93–94, 668 S.E.2d 795, 796 (2008) (noting that the failure to comply with procedural time limits does not affect the circuit court's power to hear and determine cases of the general class to which the proceedings in question belong). We further find that the circuit court retains discretion to permit the mediation process to continue beyond the 120–day time period and may consider principles of estoppel and waiver to excuse noncompliance. *See Mende v. Conway Hosp., Inc.*, 304 S.C. 313, 315, 404 S.E.2d 33, 34 (1991) (finding where both parties agreed to delay trial temporarily and resume proceedings at a later date, the circumstances involved and the defendant's conduct indicated the defendant waived any objection based on the expiration of the statute of limitations).

 This is not to say the 120–day time period is meaningless. Indeed, it demonstrates the Legislature's desire that pre-suit mediation takes place expeditiously. And the failure to comply with the 120–day time period could result in dismissal (as the SCADRR provide), but as a function of the court's discretion based on the facts and circumstances, and not as a mandated one-size-fits-all result.[6]

To claim that the statutory time period is a jurisdictional issue is something altogether different, for the Legislature would have used more exacting language had it intended the expiration of the stated time period to forever divest the circuit court of jurisdiction. We find persuasive the opinion of the Supreme Court of Wisconsin, which addressed this very issue.

---

6. Rule 10(b), SCADRR, provides:

 If any person or entity subject to the ADR Rules violates any provision of the ADR Rules without good cause, the court may, on its own motion or motion by any party, impose upon that party, person or entity, any lawful sanctions, including, but not limited to, the payment of attorney's fees, neutral's fees, and expenses incurred by persons attending the conference; contempt; and any other sanction authorized by Rule 37(b), SCRCP.

When presented with a similar situation involving the failure to conduct a pre-suit mediation session within a 90–day statutory time period in a medical malpractice dispute, the Supreme Court of Wisconsin rejected the very argument advanced by Respondents. *Schulz v. Nienhuis,* 152 Wis.2d 434, 448 N.W.2d 655 (1989). In *Schulz,* as in this case, mediation was rescheduled at the request of plaintiff's counsel twice due to scheduling conflicts. *Id.* at 656–57. Subsequently, plaintiff's counsel requested that the mediation be rescheduled, but defendants refused to participate, arguing that if no mediation session is held within the statutory period, a claimant loses the right to proceed to trial. *Id.* at 657.

The Wisconsin Supreme Court rejected that argument, reasoning:

> If the legislature intended the result the defendants urge, it could have expressly stated that a claimant's failure to participate in a mediation session within the statutory mediation period results in dismissal. It did not do so. In the absence of express language, we are unwilling to read the harsh penalty of dismissal of the lawsuit into the mediation statute. The tenor of modern law is to avoid dismissal of cases on technical grounds and to allow adjudication on the merits.

> Moreover, strong practical reasons militate against reading the mediation statute as requiring dismissal of the lawsuit if a claimant does not participate in a mediation session within the statutory mediation period. A multitude of events could cause a mediation session to be delayed beyond the statutory period: illness or weather; fixing a date convenient for all parties; the need to appoint different mediators. The defendants' interpretation of [the mediation statute] would mean that a claimant, regardless of fault, would lose all legal redress because the mediation session did not occur within the 90–day period. This interpretation contradicts the legislature's expressed intent of providing an informal, inexpensive, and expedient mediation system.

*Schulz,* 448 N.W.2d at 658–59 (citations omitted). Accordingly, the Wisconsin Supreme Court reversed the lower court's dismissal of the action and remanded the matter for further proceedings. *Id.* at 659.

We find the reasoning of the *Schulz* court is consistent with this Court's decision in *Grier v. AMISUB of S.C.*, in which we declined to "judicially engraft extra requirements to [section 15–79–125]" that were not plainly included "under the guise of judicial interpretation." 397 S.C. at 540, 725 S.E.2d at 698. Although, the "additional requirements" urged in *Grier* were claimed to further legislative intent, the same cannot be said here. Indeed, construing section 15–79–125 to require dismissal if the 120–day mediation period is not met would undermine the Legislature's manifest intent and South Carolina's strong public policy favoring alternative dispute resolution. As noted, given the legislatively designed interrelationship between section 15–79–125 and the SCADRR, we find that judicially engrafting a dismissal mandate into section 15–79–125 would lead to an absurd result not intended by the Legislature.

## III.

In sum, the decision of the trial court was controlled by an error of law, for nothing in section 15–79–125 deprives the circuit court of jurisdiction or mandates dismissal if the parties fail to mediate within the 120–day time period. Rather, the trial court retains jurisdiction to permit the mediation process to continue beyond the 120–day time period, and situations of noncompliance are to be resolved through application of the relevant provisions of the SCADRR. In this case, there is no basis justifying dismissal. Therefore, the circuit court erred in granting Respondents' motions to dismiss and in failing to compel mediation. We reverse and remand the matter to the circuit court for the pre-suit mediation process to be completed.

**REVERSED AND REMANDED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.