**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ann P. Adams, as Personal Representative of the Estate of Jacob E. Adams, Deceased, Appellant,

v.

Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center and d/b/a Piedmont Healthcare System; Staci L. Versen-Rampey, NP, Individually and as Agent, Servant or Employee of South Carolina Emergency Physicians, LLC, and as Agent, Servant or Employee of Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center and d/b/a Piedmont Healthcare System; Jason Price, Radiologic Technologist, Individually and as Agent, Servant or Employee of Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center and d/b/a Piedmont Healthcare System; James E. Reinhardt, Jr., M.D., Individually and as Agent, Servant or Employee of Rock Hill Radiology Associates, PA, and as Agent, Servant of Employee of Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center and d/b/a Piedmont Healthcare System; and Rock Hill Radiology Associates, P.A., South Carolina Emergency Physicians, LLC, Defendants,

of whom Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center and d/b/a Piedmont Healthcare System; Staci L. Versen-Rampey, NP, Individually and as Agent, Servant or Employee of South Carolina Emergency Physicians, LLC, and as Agent, Servant or Employee of Amisub of South Carolina, Inc., d/b/a Piedmont Medical Center and d/b/a Piedmont Healthcare System; Jason Price, Radiologic Technologist, Individually and as

Agent, Servant or Employee of Amisub of South
Carolina, Inc., d/b/a Piedmont Medical Center and d/b/a
Piedmont Healthcare System are Respondents.

Appellate Case No. 2012-212832

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2013-UP-461
Heard November 13, 2013 – Filed December 11, 2013

**AFFIRMED**

James W. Boyd, of James W. Boyd, Attorney, of Rock
Hill, for Appellant.

Amy Miller Snyder and N. Heyward Clarkson, III, both
of Clarkson, Walsh, Terrell & Coulter, PA, of Greenville,
for Respondents Staci L. Versen-Rampey and SC
Emergency Physicians, LLC; and William U. Gunn, of
Holcombe Bomar, PA, of Spartanburg, for Respondents
Amisub of South Carolina and Jason Price.

**KONDUROS, J.:**  Ann Adams appeals the circuit court's order finding she failed
to comply with section 15-79-125 of the South Carolina Code (Supp. 2012) when
she did not file an expert affidavit contemporaneously with her Notice of Intent to
File Suit for medical malpractice.  We affirm.

On October 28, 2008, Adams's husband died after a week-long stay in the hospital
following a fall.  On October 20, 2011, Adams, as personal representative of her
husband's estate, filed a notice for wrongful death and survival claims against the
hospital, nurse practitioner, radiologic technologist, and radiologist and his
practice.  Section 15-79-125 requires that before a plaintiff initiates a lawsuit for

medical malpractice, the party file a notice, contemporaneously with an expert affidavit, and serve them on the defendant. § 15-79-125(A). Adams failed to contemporaneously file her expert affidavit. Each defendant filed a motion to dismiss, and the circuit court granted all of the motions. Adams appealed, arguing the circuit court erred in its interpretation of section 15-79-125 and section 15-36-100 of the South Carolina Code (Supp. 2012). We disagree.

Both sides concede *Ranucci v. Crain*, 397 S.C. 168, 723 S.E.2d 242 (Ct. App. 2012), *cert. granted*, (Sept. 6, 2013), controls our interpretation of these statutes. In *Ranucci*, this court affirmed the circuit court's dismissal of Ranucci's notice for her failure to comply with the contemporaneous filing requirement of section 15-79-125 because she filed her expert affidavit forty-five days after she filed her notice. 397 S.C. at 178, 723 S.E.2d at 247. The court rejected the same argument Adams makes here—that the affidavit requirements of section 15-36-100 permitted her to file the affidavit late without violating section 15-79-125. *Id.*

As in *Ranucci*, because Adams failed to comply with the mandatory filing requirements of section 15-79-125, the circuit court's order is

**AFFIRMED.**

**PIEPER, J., concurs.**

**FEW, C.J., concurring:** I concur with the majority that *Ranucci* controls our interpretation of the statutes at issue in this appeal. However, as I explained in my concurring opinion in *Ranucci*, I believe our interpretation requires the conclusion that the statute of limitations has expired on any civil action Adams might have brought for malpractice. Therefore, the issues raised in this appeal are moot, and I would dismiss the appeal. *See Ranucci*, 397 S.C. at 179-81, 723 S.E.2d at 248-49 (Few, C.J., concurring). *But cf. Ross v. Waccamaw Cmty. Hosp.*, 404 S.C. 56, 66, 744 S.E.2d 547, 552 (2013) (upholding the circuit court's continued jurisdiction over the notice after the time limits of section 15-79-125 have expired, but not addressing the right of a plaintiff to serve a summons and complaint after the expiration of the statute of limitations).