770 S.E.2d 767

Thomas RICKERSON, Appellant,

v.

John KARL, M.D. and Virginia Bell, CS, FNP, Respondents.

Appellate Case No. 2013–001478.

No. 5310.

Court of Appeals of South Carolina.

Heard Jan. 6, 2015.

Decided April 1, 2015.

216

---

John S. Nichols and Blake Alexander Hewitt, both of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Appellant.

Marian Williams Scalise and Lydia Lewis Magee, both of Myrtle Beach, and Sheila Marlouvon Bias, of Columbia, all of Richardson Plowden & Robinson, PA, for Respondents.

GEATHERS, J.

Appellant Thomas Rickerson appeals the trial court's dismissal of his notice of intent to file suit (NOI) with prejudice after Rickerson failed to comply with the mandatory mediation requirement of section 15–79–125 of the South Carolina Code (Supp.2014). We reverse the trial court's decision and remand this case.

## FACTS/PROCEDURAL HISTORY

This appeal arises out of a medical malpractice case. Rickerson alleged that an antibiotic prescribed to him by Dr. John Karl and nurse practitioner and clinical specialist Virginia Bell (collectively, Respondents) negatively interacted with medication that had previously been prescribed for him by other physicians. As a result, Rickerson developed complications, including bleeding and renal failure, and had to be hospitalized.

On May 15, 2012, Rickerson filed an NOI pursuant to section 15–79–125,[1] which requires that parties in a medical malpractice action participate in a mediation conference within 120 days after the service of an NOI. Rickerson failed to state in the NOI that the case was subject to mandatory mediation and failed to include a line for the clerk of court to write in the name of a mediator.[2] Over the next few months, Respondents

---

1. Section 15–79–125 governs the prelitigation requirements for medical malpractice cases. Specifically, section 15–79–125 requires that a plaintiff, prior to filing or initiating a medical malpractice claim, "contemporaneously file [an NOI] and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15–36–100." § 15–79–125(A). "Filing the [NOI] tolls all applicable statutes of limitations." *Id.* Thereafter, the parties engage in discovery. § 15–79–125(B). Within ninety days and no later than 120 days from the service of the NOI, the parties must participate in a mediation conference. § 15–79–125(C). If the matter is not resolved through mediation, the plaintiff may initiate the civil action by filing a summons and complaint. § 15–79–125(E).

2. Rule 4(c) of the South Carolina Alternative Dispute Resolution Rules (SCADRR) states that in cases subject to presuit mediation under section 15–79–125(C), the NOI "shall contain language directed to the defendant(s) that the dispute is subject to pre-suit mediation within 120 days and must contain a place for the names of the primary and secondary mediators." It further states that "the [c]lerk of [c]ourt shall

made numerous requests for Rickerson's medical records, and Rickerson authorized their collection of the records. During this time, the parties did not discuss mediation and made no attempt to schedule the mandatory mediation conference.

On December 13, 2012, the clerk of court filed a notice of alternative dispute resolution (ADR) and appointed a mediator to the case. After Rickerson received the notice, he contacted Respondents to set a date and time for mediation, but Respondents did not respond to the scheduling inquiry. Rickerson subsequently contacted the court-appointed mediator and requested that the mediator schedule the mediation for January 22, 2013.

Rickerson mailed a letter to Respondents on December 20, 2012, notifying them that he had scheduled a mediation conference with the court-appointed mediator; however, that same day, Respondents filed a motion to dismiss. In the motion, they contended the case should be dismissed with prejudice because the mediation conference had not been held within the 120–day statutory time frame.[3]

Because the statute of limitations had not yet run,[4] Rickerson filed an amended NOI on January 4, 2013, notwithstanding the pending motion to dismiss. Unlike the initial NOI, the amended NOI contained the name of the court-appointed mediator and the required statement that the case was subject to presuit mediation pursuant to section 15–79–125(C).

The court-appointed mediator later contacted the parties to reschedule the mediation. Rickerson agreed to mediate the case at a later date, but Respondents refused. In a letter to the mediator, Respondents stated that Rickerson failed to

appoint a primary mediator and a secondary mediator" when the NOI is filed. Rule 4(c), SCADRR.

3. Rickerson served the last defendant with the NOI on June 19, 2012; thus, to comply with the 120–day statutory deadline, mediation should have occurred by October 17, 2012.

4. The statute of limitations for medical malpractice actions is three years "from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered." S.C.Code Ann. § 15–3–545(A) (2005). Rickerson's complications arose in July 2011; therefore, the statute of limitations would have run in July 2014.

propose dates for presuit mediation within the statutory time frame and did not request an extension from the trial court. They further asserted that because the NOI should be dismissed, "no authority exist[ed] statutorily for the holding of the pre-suit mediation." In a subsequent letter, the mediator stated that because of the "conflicting positions regarding the intent of the parties to mediate [the] case," he thought it would be inappropriate for him to issue a mediation results report to the court. Instead, he recommended the parties direct the dispute to the trial court for adjudication.

The trial court held a hearing on Respondents' motion to dismiss in April 2013. During the hearing, the court focused on the fact that no attempt had been made to schedule mediation until more than two months after the 120–day presuit mediation deadline.

The following month, the trial court issued an order of dismissal. In the order, the court stated that Rule 37(b), SCRCP, "authorizes dismissal of an action with prejudice as a lawful sanction." It determined that the sanction of dismissal was warranted in this case and granted Respondents' motion to dismiss Rickerson's NOI with prejudice. This appeal followed.

## ISSUE ON APPEAL

Did the trial court err in dismissing Rickerson's NOI with prejudice after he failed to comply with the 120–day mediation deadline set forth in section 15–79–125(C)?

## STANDARD OF REVIEW

■■■■ The decision of whether to impose sanctions is generally entrusted to the sound discretion of the trial court. *Downey v. Dixon*, 294 S.C. 42, 45, 362 S.E.2d 317, 318 (Ct.App.1987). This court will not interfere with a trial court's exercise of its discretion with respect to the imposition of sanctions unless an abuse of discretion has occurred. *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538, 542, 489 S.E.2d 679, 681 (Ct.App.1997). The party appealing the order has the burden of establishing that the trial court abused its discretion. *Id.* "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual

conclusions, is without evidentiary support." *Clark v. Cantrell,* 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000).

## LAW/ANALYSIS

■■ Rickerson argues the trial court erred in dismissing the NOI with prejudice because the sanction of dismissal was not warranted under the circumstances and because the statutory time frame of section 15–79–125 was not jurisdictional. We agree the trial court is not divested of jurisdiction in the instant case. We also agree that the sanction of dismissal with prejudice was not warranted under the circumstances of this case.

Our legislature enacted section 15–79–125 as part of the Tort Reform Act of 2005 Relating to Medical Malpractice, which requires that a medical malpractice plaintiff file and serve the NOI before the plaintiff may initiate a civil action. § 15–79–125(A). After the plaintiff serves the NOI, the parties are required to participate in a mediation conference. Specifically, subsection (C) provides:

> Within ninety days and no later than one hundred twenty days from the service of the [NOI], the parties shall participate in a mediation conference unless an extension for no more than sixty days is granted by the court based upon a finding of good cause.

§ 15–79–125(C).

Subsection (C) does not list any consequences for failing to timely comply with the mediation conference requirement. It does, however, provide that the mediation process is governed by the ADR rules,[5] unless the rules are inconsistent with the statute. § 15–79–125(C).

Rule 10(b), SCADRR, provides that if a party fails to comply with the ADR rules, "the court may . . . impose upon that party, person or entity, any lawful sanctions, including, but not limited to, the payment of attorney's fees, neutral's fees, and expenses incurred by persons attending the conference; contempt; and any other sanction authorized by Rule

---

**5.** Rule 1(c), SCADRR, also provides that the ADR rules "shall govern all mediations in [m]edical [m]alpractice actions as required by S.C.Code Ann. § 15–79–120 and S.C.Code Ann. § 15–79–125(C)."

37(b), SCRCP." Under Rule 37(b)(2)(C), SCRCP, the trial court may impose sanctions such as striking pleadings, rendering a default judgment, or, as it did in the instant matter, dismissing the action.

 "A dismissal under Rule 37(b)(2)(C) is not mandatory; rather, the trial court is allowed to make such orders as it deems just under the circumstances, and the selection of a sanction is within the court's discretion." *Kershaw Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 302 S.C. 390, 395, 396 S.E.2d 369, 372 (1990). "When the court orders default or dismissal, or the sanction itself results in default or dismissal, the end result is harsh medicine that should not be administered lightly." *Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct.App.1999). A sanction that results in a default or dismissal is a severe punishment that should be imposed only if there is some showing of *bad faith, willful disobedience, or gross indifference* to the rights of the adverse party. *Id.* at 198–99, 511 S.E.2d at 719 (citing *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 109, 410 S.E.2d 537, 542 (1991)). "[T]he sanction imposed should be reasonable, and the [c]ourt should not go beyond the necessities of the situation to foreclose a decision on the merits of a case." *Balloon Plantation, Inc. v. Head Balloons, Inc.*, 303 S.C. 152, 154, 399 S.E.2d 439, 440 (Ct.App. 1990).

In those cases in which South Carolina appellate courts have reviewed dismissals of actions under Rule 37(b)(2)(C), the courts have generally upheld the trial court's decision to use dismissal as a sanction only when necessary to protect the rules of discovery or when there was evidence of bad faith, misconduct, willful disobedience, or a callous disregard for the rights of other litigants. In *Davis v. Parkview Apartments,* our supreme court affirmed the trial court's issuance of a dismissal order as a sanction. 409 S.C. 266, 283, 762 S.E.2d 535, 544 (2014). The court determined that the sanctions imposed were not unduly harsh in light of the appellants' willful and repeated failure to comply with various orders of the trial court, which resulted in unnecessary delay and prejudice to the respondents. *Id.; see also McNair v. Fairfield Cnty.*, 379 S.C. 462, 467, 665 S.E.2d 830, 832–33 (Ct.App.2008) (finding "the severe sanction" of striking the defendant's

answer appropriate in light of the defendant's failure to produce documents seven and a half months after the trial court granted plaintiff's motion to compel, which this court determined amounted to willful disobedience and resulted in delay and prejudice to the plaintiff's right to have the claim heard); *QZO, Inc. v. Moyer,* 358 S.C. 246, 257–58, 594 S.E.2d 541, 548 (Ct.App.2004) (holding the trial court properly considered the severity of the sanction when it struck a pleading based on the appellant's intentional defiance of the trial court's order and his willful destruction of evidence); *Griffin Grading & Clearing, Inc.,* 334 S.C. at 199, 511 S.E.2d at 719 (finding the striking of the defendant's answer as a discovery sanction was warranted based on the defendant's egregious failure to comply meaningfully with four prior orders compelling discovery, even after being warned of the consequences of its failure to comply and after being assessed attorney's fees).

On the other hand, a sanction amounting to a judgment of default or dismissal has been deemed "too severe" without a showing of intentional misconduct or willful disobedience. For example, in *Kershaw County Board of Education,* our supreme court determined that dismissal was too severe of a sanction for the plaintiff's failure to comply with a court order to notify the defendants before it removed asbestos. 302 S.C. at 394–95, 396 S.E.2d at 371–72. The court based this determination on the fact that dismissal would not protect the rules of discovery and there was no evidence of intentional misconduct by the plaintiff. *Id.* at 395, 396 S.E.2d at 372; *see also Orlando v. Boyd,* 320 S.C. 509, 511–12, 466 S.E.2d 353, 355 (1996) (holding that precluding a witness from testifying was an abuse of discretion without a showing of intentional misconduct when exclusion amounted to a judgment of default or dismissal); *Baughman v. Am. Tel. & Tel. Co.,* 298 S.C. 127, 129–30, 378 S.E.2d 599, 601 (1989) (holding a $100 fine, not dismissal with prejudice, was the appropriate sanction for the eight plaintiffs' failure to answer interrogatories even despite warnings from the trial court and prior sanctions because the requesting party had not been prejudiced by not receiving formal responses to the interrogatories).

Moreover, in several recent decisions, our supreme court has chosen to reverse dismissals based on a technical application of the requirements of section 15–79–125 in favor of

allowing cases to proceed on the merits. In *Ross v. Waccamaw Community Hospital*, our supreme court addressed the consequences of failing to comply with the prelitigation mediation requirement of section 15–79–125. 404 S.C. 56, 59, 744 S.E.2d 547, 548 (2013). The court rejected the argument that noncompliance mandated a penalty of dismissal for lack of subject matter jurisdiction, determining the mediation time period set forth in section 15–79–125 was not intended to place limitations on the trial court's subject matter jurisdiction. *Id.* at 63–64, 744 S.E.2d at 550–51. Instead, it held that "failing to comply with the 120–day statutory time period is a nonjurisdictional procedural defect." *Id.* at 64, 744 S.E.2d at 551. It further found the trial court "retains discretion to permit the mediation process to continue beyond the 120–day time period and may consider principles of estoppel and waiver to excuse noncompliance." *Id.*

The *Ross* court clarified that the 120–day time period for mediation was not meaningless and could result in dismissal; however, it emphasized that a dismissal is "a function of the court's discretion based on the facts and circumstances," not "a mandated one-size-fits-all result." *Id.* It explained that "the Legislature enacted section 15–79–125 to provide an informal and expedient method of culling prospective medical malpractice cases by fostering the settlement of potentially meritorious claims and discouraging the filing of frivolous claims." *Id.* at 63, 744 S.E.2d at 550. Consequently, the court expressly declined to "construe section 15–79–125 as a trap for plaintiffs with potentially meritorious claims"; instead, it stated that courts should "avoid dismissal of cases on technical grounds and . . . allow adjudication on the merits." *Id.* at 63, 65, 744 S.E.2d at 550–51 (quoting *Schulz v. Nienhuis*, 152 Wis.2d 434, 448 N.W.2d 655, 658–59 (1989)); *see also Wilkinson v. E. Cooper Cmty. Hosp., Inc.*, 410 S.C. 163, 174, 763 S.E.2d 426, 432 (2014) (discussing the supreme court's intent "to permit medical malpractice cases to proceed on the merits rather than to affirm unwarranted dismissals based on technical noncompliance with the medical malpractice statutes"); *see, e.g., Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 535, 540–41, 725 S.E.2d 693, 695, 698 (2012) (reversing the trial court's dismissal of the plaintiff's claim under section 15–79–125 and holding that the prelitigation expert affidavit does not

need to include an opinion as to proximate cause and, therefore, the prelitigation affidavit was sufficient, allowing the medical malpractice claimant's case to proceed).

In this case, Rickerson filed his NOI in May 2012. The NOI did not include the required notice that the case was subject to mandatory presuit mediation pursuant to section 15–79–125. Further, the NOI did not contain a place where the clerk of court could fill in the names of a primary and secondary mediator. According to the parties, they did not discuss mandatory mediation at all during the 120–day time frame.

Although Rickerson failed to properly complete his NOI and failed to initiate the scheduling of mandatory mediation during the 120–day time frame, there is no indication that his failure to comply with the mandatory mediation requirement of section 15–79–125 was the product of bad faith, misconduct, willful disobedience, or a callous disregard for the rights of other litigants. During the hearing on Respondents' motion to dismiss, Rickerson's counsel stated:

The view that I took from the time limits that are set in the statute is that unless the parties were enforcing those and made an issue of those time limits, that as long as the discovery process was continuing to unfold and neither party was concerned about running out of time in order to mediate the case, that it would be acceptable to the parties to mediate the case when the parties became ready to do that.

Additionally, he pointed out that "there was an attempt to work with [Respondents], to cooperate in their collection of medical records." This statement is supported in the record. After Rickerson filed his NOI, Respondents' attorney filed numerous subpoenas for Rickerson's medical records, and Rickerson authorized Respondents' collection of the records.

Furthermore, once the clerk of court appointed a mediator in December 2012—after the mediation deadline imposed by section 15–79–125—Rickerson quickly contacted the court-appointed mediator to schedule the mediation conference.

Although Respondents did not reply to Rickerson's scheduling inquiry, Rickerson scheduled the conference for January 22, 2013. Later, he was willing to reschedule after being notified that the mediator had a conflict.

■ The *Ross* court acknowledged that, under certain circumstances, dismissal may be an appropriate response to the failure to comply with the 120–day deadline. 404 S.C. at 64, 744 S.E.2d at 551. However, we do not find this to be a case in which a dismissal *with prejudice* is warranted. The purpose of the mandatory mediation requirement of section 15–79–125 is to foster the settlement of potentially meritorious claims and to discourage the filing of frivolous claims; therefore, a technical noncompliance with this statute, without bad faith, should not result in the dismissal of the case. *See id.* at 63, 65, 744 S.E.2d at 550–51. We reverse the trial court's dismissal of Rickerson's NOI with prejudice.[6]

## CONCLUSION

Based on the foregoing reasons, we reverse the trial court's order dismissing Rickerson's NOI with prejudice and remand the case to the trial court.

**REVERSED AND REMANDED.**

WILLIAMS and McDONALD, JJ., concur.

---

**6.** In his brief, Rickerson raises several additional reasons why he believes the trial court erred in dismissing his NOI with prejudice. In light of our decision above, we need not address these arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding that appellate courts need not address remaining issues when the resolution of a prior issue is dispositive).