**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A., successor-by-merger to
Wachovia Bank, N.A., Respondent,

v.

Fallon Properties South Carolina, LLC, Timothy R.
Fallon, Susan C. Fallon, Fallon Luminous Products
Corporation, GE Business Capital Corporation, formerly
Transamerica Business Capital Corporation, FSD
Repurchase Solutions, LLC, and South Carolina
Department of Revenue, Defendants,

Of Whom Fallon Properties South Carolina, LLC,
Timothy R. Fallon, and Susan C. Fallon are the
Appellants.

Appellate Case No. 2015-000157

Appeal From Spartanburg County
Gordon G. Cooper, Master-In-Equity

Unpublished Opinion No. 2019-UP-065
Submitted January 1, 2019 – Filed February 13, 2019

**AFFIRMED**

Alexander Hray, Jr., of Spartanburg, and Rodney F.
Pillsbury, of Greenville, for Appellants.

Robert L. Widener, of McNair Law Firm, PA, of Columbia, and Weyman C. Carter, of McNair Law Firm, PA, of Greenville, both for Respondent.

---

**PER CURIAM:** Fallon Properties South Carolina, LLC (Fallon Properties), Timothy R. Fallon, and Susan C. Fallon (the Fallons) appeal the master-in-equity's order denying their petition for an order of appraisal. The Fallons and Fallon Properties argue the master erred by finding they waived their appraisal rights because Wells Fargo Bank, N.A., failed to comply with the first prong of section 29-3-680(B) of the South Carolina Code (2007). We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Belle Hall Plantation Homeowner's Ass'n v. Murray*, 419 S.C. 605, 614, 799 S.E.2d 310, 315 (Ct. App. 2017) ("[This] court's standard of review in equitable matters is our own view of the preponderance of the evidence." (quoting *Horry Cty. v. Ray*, 382 S.C. 76, 80, 674 S.E.2d 519, 522 (Ct. App. 2009))); *Ross v. Waccamaw Cmty. Hosp.*, 404 S.C. 56, 62, 744 S.E.2d 547, 550 (2013) ("Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below." (quoting *Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 535, 725 S.E.2d 693, 695 (2012))); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Whe[n] [a] statute's language is plain and unambiguous[] and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."); § 29-3-680(B) ("[A] defendant against whom a personal judgment may be taken on a real estate secured transaction may waive the appraisal rights as provided by this section if the debtors, makers, borrowers, and/or guarantors are notified in writing before the transaction that a waiver of appraisal rights will be required . . . ."); *Crystal Ice Co. of Columbia v. First Colonial Corp.*, 273 S.C. 306, 309, 257 S.E.2d 496, 497 (1979) ("It is well established that a principal is affected with constructive knowledge of all material facts of which his agent receives notice while acting within the scope of his authority."); *Dorman v. Campbell*, 331 S.C. 179, 185, 500 S.E.2d 786, 789 (Ct. App. 1998) (holding knowledge of the information contained in a letter sent to the appellants' attorney was imputed to the appellants); *Regions Bank v. Schmauch*, 354 S.C. 648, 663, 582 S.E.2d 432, 440 (Ct. App. 2003) ("A person who signs a contract or other written document cannot avoid the effect of the document by claiming he did not read it."); *Wachovia Bank, Nat. Ass'n v. Blackburn*, 407 S.C. 321, 333, 755 S.E.2d 437, 443 (2014) ("Instead, when a person signs a document,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

he is responsible for exercising reasonable care to protect himself by reading the document and making sure of its contents."); *Sims v. Tyler*, 276 S.C. 640, 643, 281 S.E.2d 229, 230 (1981) ("One who is capable of reading and understanding but fails to read a contract before signing is bound by the terms thereof.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**