**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ironwork Productions, LLC, Appellant,

v.

Bobcat of Greenville, LLC, and Bobcat Company, Inc., Respondents.

Appellate Case No. 2021-001461

———————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-246
Submitted June 6, 2023 – Filed June 21, 2023

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

John Patrick Bradley, of Haynsworth Sinkler Boyd, PA, and Adam Crittenden Bach, of Tonnsen Bach, LLC, both of Greenville, for Appellant.

Helen F. Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, and Robert L. Mebane, Jr., of McAngus Goudelock & Courie, of Greenville, both for Respondent Bobcat of Greenville.

Jay T. Thompson, of Murphy & Grantland, PA, of Columbia, for Respondent Bobcat Company, Inc.

**PER CURIAM:** Ironwork Productions, LLC, (Ironwork) appeals an order of the circuit court dismissing its complaint for failure to comply with the circuit court's discovery order. On appeal, Ironwork argues (1) the circuit court erred in dismissing its complaint as a discovery sanction when there was no evidence it willfully or repeatedly failed to comply with discovery orders or that it acted in bad faith or engaged in misconduct, willful disobedience, or callous disregard for the rights of Bobcat of Greenville (Bobcat) and Bobcat, Inc., (CEC)[1]; and (2) the circuit court erred in dismissing its complaint as to Bobcat because Bobcat had not served discovery requests, filed a motion to compel, or sought a discovery sanction against it. We affirm in part, reverse in part, and remand.

Ironwork commenced this action in August 2018, asserting claims regarding equipment it purchased from Bobcat and CEC, and the parties began discovery. CEC made its first request for the production of documents and responses to interrogatories in January 2019; Ironwork answered that request on April 2, 2019. On May 16, 2019, CEC sent a second request for production of documents, a second set of interrogatories, and a letter outlining what it believed were deficiencies in Ironwork's first response and requesting clarification and further responses. After Ironwork failed to respond to these additional requests, CEC filed a motion for sanctions and to compel discovery on August 15, 2019, and the circuit court held a hearing on October 1, 2019. Neither Ironwork nor Bobcat attended the hearing. However, later that day, Ironwork's attorney agreed via email to an order stating that if it failed to respond to CEC's outstanding discovery requests within ten days, the complaint would be dismissed. Ironwork responded by mailing to CEC documents it had already produced to the parties. On October 18, 2019, CEC filed a "Notice of Plaintiff's Noncompliance" with the October 1 order, asserting Ironwork had not produced any further documents or materials responsive to the May 16 letter or its second set of discovery requests; CEC also asked for dismissal of the complaint. Without holding a hearing, the circuit court dismissed the action as to both CEC and Bobcat by order dated October 25, 2019. Ironwork filed timely motions to reconsider pursuant to Rule 59(e), SCRCP; however, it failed to send copies to the judge as required by Rule 59(g), SCRCP.

---

[1] Bobcat, Inc., asserts it has been improperly named in the underlying action and the appeal, and it does business as Clark Equipment Company.

Consequently, the circuit court did not hold a motions hearing until November 2021, after which it upheld the dismissal.

1. We hold that because the circuit court considered Ironwork's Rule 59(e), motions on the merits, despite Ironwork's failure to comply with Rule 59(g), this appeal is properly before this court.[2] *See* Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); Rule 59(g), SCRCP ("A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten . . . days after the filing of the motion."); Rule 203(b)(1), SCACR ("A notice of appeal [from the Court of Common Pleas] shall be served on all respondents within thirty . . . days after receipt of written notice of entry of the order or judgment."); *id.* ("When a timely . . . motion to alter or amend the judgment . . . has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion."); *Gallagher v. Evert*, 353 S.C. 59, 63, 577 S.E.2d 217, 219 (Ct. App. 2002) ("Because the circuit court found it appropriate to hear the matter, we find no error in the circuit court's decision to decide the motion despite Gallagher's failure to comply with Rule 59(g), SCRCP."); *id.* ("There is no indication that the failure to transmit a copy of the motion to the circuit court affects the tolling provision of Rule 203(b)(1), SCACR.").

2. We affirm the circuit court's dismissal of Ironwork's complaint as to CEC. *See Rickerson v. Karl*, 412 S.C. 215, 219, 770 S.E.2d 767, 770 (Ct. App. 2015) ("The decision of whether to impose sanctions is generally entrusted to the sound discretion of the trial court."); *id.* ("This court will not interfere with a trial court's exercise of its discretion with respect to the imposition of sanctions unless an abuse of discretion has occurred."). Ironwork's attorney agreed that dismissal was the appropriate sanction if it failed to comply with the October 1 order. Although the circuit court initially relied solely on the assertions of CEC in its "Notice of Plaintiff's Noncompliance" to find Ironwork failed to comply, it held a hearing on Ironwork's motions to reconsider, at which time Ironwork conceded the documents mailed to CEC after the October 1 order did not address the deficiencies or the second set of requests. We therefore affirm the dismissal as to CEC. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal."); *Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 200, 511

---

[2] We begin with preservation because the argument would be dispositive if this court accepted CEC's argument.

S.E.2d 716, 719 (Ct. App. 1999) ("[T]he acts of an attorney are directly attributable to and binding on the client.").

3. However, we find the circuit court erred in dismissing the complaint as to Bobcat because the circuit court's order lacked "reasonable factual support" for dismissal of those claims. *See Rickerson*, 412 S.C. at 219, 770 S.E.2d at 770 (Ct. App. 2015) ("The decision of whether to impose sanctions is generally entrusted to the sound discretion of the trial court."); *id.* ("This court will not interfere with a trial court's exercise of its discretion with respect to the imposition of sanctions unless an abuse of discretion has occurred."); *Griffin*, 334 S.C. at 198, 511 S.E.2d at 718 ("An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law."). The October 1 order resulted from a motion for sanctions and to compel discovery filed by CEC, not Bobcat. Bobcat did not join that motion or attend the October 1 hearing, and the resulting order stating the complaint would be dismissed if Ironwork failed to comply references only CEC's discovery requests and Ironwork's dilatory conduct toward CEC. Bobcat belatedly and informally joined CEC's request for dismissal, via email, despite never previously asserting it was owed any outstanding discovery and without articulating how Ironwork had acted in bad faith or with gross indifference to Bobcat's rights. *See Griffin*, 334 S.C. at 198-99, 511 S.E.2d at 719 ("Where the sanction would be tantamount to granting a judgment by default, the moving party must show bad faith, willful disobedience or gross indifference to its rights to justify the sanction."); *id.* at 198, 511 S.E.2d at 718 ("When the court orders default or dismissal, or the sanction itself results in default or dismissal, the end result is harsh medicine that should not be administered lightly."); *id.* at 198, 511 S.E.2d at 719 (stating any sanction imposed must "be aimed at the specific conduct of the party sanctioned and not go beyond the necessities of the situation to foreclose a decision on the merits of a case"). We therefore reverse the dismissal of the complaint as to Bobcat and remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[3]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.