# The Supreme Court of South Carolina

Vicki L. Wilkinson, Appellant,

v.

East Cooper Community Hospital, Inc., d/b/a East Cooper Regional Medical Center, Carolina Plastic Surgery Institute, PA, and Thomas X. Hahm, M.D., Respondents.

Appellate Case No. 2012-213464

## ORDER

The petitions for rehearing are denied. This Court does, however, substitute the attached amended majority opinion for the majority opinion previously filed in this matter. The amended opinion deletes the last sentence of the second paragraph on page nine of the original majority opinion.

s/Jean H. Toal    C.J.

s/Donald W. Beatty    J.

s/John Kittredge    J.

s/Kaye G. Hearn    J.

I would grant the petitions for rehearing.

s/Costa M. Pleicones    J.

Columbia, South Carolina
October 3, 2014

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Vicki L. Wilkinson, Appellant,

v.

East Cooper Community Hospital, Inc., d/b/a East Cooper Regional Medical Center, Carolina Plastic Surgery Institute, P.A., and Thomas X. Hahm, M.D., Respondents.

Appellate Case No. 2012-213464

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Opinion No. 27423
Heard May 20, 2014 – Refiled October 3, 2014

---

## REVERSED AND REMANDED

---

John S. Nichols, of Bluestein Nichols Thompson & Delgado, L.L.C., of Columbia, and Daniel Nathan Hughey, of Hughey Law Firm, L.L.C., of Mt. Pleasant, for Appellant.

Robert H. Hood, James Bernard Hood, Harry Cooper Wilson, III, and Deborah Harrison Sheffield, all of Hood Law Firm, L.L.C., of Charleston; Daniel Simmons McQueeney, Jr., Kathleen Fowler Monoc, and Lindsay Kathryn Smith-Yancey, all of Pratt-Thomas Walker, P.A., of Charleston, for Respondents.

Andrew A. Mathias, of Nexsen Pruet, L.L.C., of Greenville, for Amicus Curiae, South Carolina Hospital Association.

**JUSTICE BEATTY:**  In this medical malpractice case, Vicki Wilkinson appeals the circuit court's order dismissing her civil action with prejudice based on the motions filed by East Cooper Community Hospital, Inc. ("East Cooper"), Carolina Aesthetic Plastic Surgery Institute, P.A. ("Carolina Aesthetic Plastic Surgery"), and Dr. Thomas Hahm (collectively "Respondents").  Wilkinson asserts the court erred in finding:  (1) the statute of limitations was not tolled because she failed to file an expert witness affidavit contemporaneously with her Notice of Intent to File Suit ("NOI") pursuant to section 15-79-125 of the South Carolina Code;[1] and (2) she failed to file her Complaint within the applicable statute of limitations given she did not contemporaneously file an expert witness affidavit with the Complaint or within forty-five days thereafter in accordance with section 15-36-100(C).[2]

---

[1]  Section 15-79-125 provides, in part, as follows:

> Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, *the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15-36-100*, in a county in which venue would be proper for filing or initiating the civil action. . . . *Filing the Notice of Intent to File Suit tolls all applicable statutes of limitations*.

S.C. Code Ann. § 15-79-125(A) (Supp. 2013) (emphasis added).

[2]  Section 15-36-100 provides in relevant part:

> (B) *Except as provided in Section 15-79-125*, in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of South Carolina and listed in subsection (G), *the plaintiff must file as part of the complaint an affidavit of an expert witness* which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

This appeal requires the Court to review the decision of the Court of Appeals in *Ranucci v. Crain*, 397 S.C. 168, 723 S.E.2d 242 (Ct. App. 2012) ("*Ranucci I*"), which held the pre-litigation filing requirement for a medical malpractice case found in section 15-79-125 incorporates only the parts of section 15-36-100 that relate to the preparation and content of an expert's affidavit.  Recently, we reversed *Ranucci I*, holding that section 15-79-125(A) incorporates section 15-36-100 in its entirety.  *Ranucci v. Crain*, Op. No. 27422 (S.C. Sup. Ct. filed July 23, 2014) ("*Ranucci II*").  Therefore, we hold that Wilkinson could invoke section 15-36-

---

(C)(1) *The contemporaneous filing requirement of subsection (B) does not apply to any case in which the period of limitation will expire, or there is a good faith basis to believe it will expire on a claim stated in the complaint, within ten days of the date of filing and, because of the time constraints, the plaintiff alleges that an affidavit of an expert could not be prepared.  In such a case, the plaintiff has forty-five days after the filing of the complaint to supplement the pleadings with the affidavit.*

. . . .

(D) This section does not extend an applicable period of limitation, except that, if the affidavit is filed within the period specified in this section, the filing of the affidavit after the expiration of the statute of limitations is considered timely and provides no basis for a statute of limitations defense.

. . . .

(F) If a plaintiff fails to file an affidavit as required by this section, and the defendant raises the failure to file an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, the complaint is not subject to renewal after the expiration of the applicable period of limitation unless a court determines that the plaintiff had the requisite affidavit within the time required pursuant to this section and the failure to file the affidavit is the result of a mistake.  The filing of a motion to dismiss pursuant to this section shall alter the period for filing an answer to the complaint in accordance with Rule 12(a), South Carolina Rules of Civil Procedure.

S.C. Code Ann. § 15-36-100(B), (C)(1), (D), (F) (Supp. 2013) (emphasis added).

100(C)(1), which extended the time for filing the expert witness affidavit with her NOI and tolled the applicable statute of limitations. However, because the analysis in *Ranucci II* was confined to the dismissal of the pre-litigation NOI, it is not dispositive since the instant case involves the next procedural step in medical malpractice litigation. Specifically, we must analyze whether Wilkinson's failure to file an expert witness affidavit with her Complaint warranted the dismissal of her civil action. We hold the circuit court erred in dismissing Wilkinson's civil action as the expert affidavit filed with the NOI satisfied the statutory requirements of section 15-36-100 and, thus, it was not necessary to file a second expert affidavit in the same civil action. Accordingly, we reverse the circuit court's order and remand the case for further proceedings.

## I.    Factual / Procedural History

On September 4, 2008, Wilkinson was admitted to East Cooper to undergo reconstructive breast surgery performed by Dr. Hahm. Following the surgery, Wilkinson experienced complications throughout 2008 that required additional medical procedures.

On September 1, 2011, Wilkinson filed an NOI pursuant to section 15-79-125 against Respondents and several other defendants, which was designated as Case No. 2011-CP-10-6306.[3] Because the statute of limitations was due to expire within a short period of time, Wilkinson did not include an expert witness affidavit with the NOI, but stated that she would file one at a later date. On October 5, 2011, Wilkinson filed the affidavit of Dr. John D. Newkirk, a board certified plastic surgeon.

On January 25, 2012, five days after an unsuccessful attempt at pre-litigation mediation, Wilkinson filed a Complaint against the defendants named in the NOI, which was designated as Case No. 2012-CP-10-0558. Wilkinson did not file an expert affidavit with the Complaint nor did she reference the NOI or otherwise explain why she did not file an expert affidavit with the Complaint.

---

[3] In addition to Respondents, Wilkinson named Tenet Healthcare Corp. ("THC") and Tenet Healthsystem Medical, Inc. ("THMI") as defendants. On April 18, 2012, Wilkinson entered into a consent order with THC and THMI to dismiss the case as to them without prejudice. Thus, THC and THMI are not parties to this appeal.

Respondents separately answered and moved to dismiss pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure on the ground the statute of limitations had expired. Citing *Ranucci I*, East Cooper asserted the NOI did not toll the three-year statute of limitations[4] because Wilkinson failed to contemporaneously file an expert affidavit with the NOI pursuant to section 15-79-125. Therefore, East Cooper argued that Wilkinson's Complaint, which was filed four months after the expiration of the statute of limitations, should be dismissed. Alternatively, even if the statute of limitations did not expire on September 4, 2011, East Cooper claimed Wilkinson's failure to file an expert affidavit with her Complaint or within forty-five days thereafter violated section 15-36-100 and warranted dismissal. In a separate memorandum in support of their motion to dismiss, Respondents Carolina Aesthetic Plastic Surgery and Dr. Hahm reiterated the arguments raised by East Cooper.

Wilkinson filed a memorandum in opposition to Respondents' motions. Because Respondents engaged in pre-litigation mediation and did not move to dismiss the NOI during the pre-litigation proceedings, Wilkinson maintained Respondents waived any argument regarding her NOI and the expiration of the statute of limitations. Additionally, Wilkinson asserted the failure to file an expert affidavit with her Complaint did not warrant dismissal as Respondents were already in possession of the previously filed affidavit of Dr. Newkirk.

After a hearing, the circuit court granted Respondents' motions to dismiss with prejudice. Based on *Ranucci I*, the court found that Wilkinson: (1) failed to file an expert affidavit contemporaneously with her NOI as required by section 15-79-125 and, thus, the statute of limitations was not tolled; and (2) failed to file an expert affidavit contemporaneously with her Complaint or within forty-five days thereafter as required by section 15-36-100. The court rejected Wilkinson's contention that Respondents' participation in statutorily mandated pre-litigation mediation waived their right to challenge the NOI. The court also found the exception codified in section 15-36-100(C)(1), which extends the time for filing an expert affidavit with the Complaint, was inapplicable because Wilkinson did not provide any explanation as to why the expert affidavit was not filed and, in any

---

[4]  *See* S.C. Code Ann. § 15-3-545(A) (2005) (providing that a medical malpractice case "must be commenced within three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence, or as tolled by this section").

event, failed to file an expert affidavit within forty-five days of filing her Complaint.

Following the circuit court's denial of her motion for reconsideration, Wilkinson appealed to the Court of Appeals. This Court granted Wilkinson's motion to certify the appeal pursuant to Rule 204(b) of the South Carolina Appellate Court Rules.

## II.    Standard of Review

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court." *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009). "That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* (internal quotations omitted). The Court may sustain the dismissal when "the facts alleged in the complaint do not support relief under any theory of law." *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003).

## III.    Discussion

### A.    Arguments

Initially, Wilkinson challenges the propriety of *Ranucci I* and urges this Court to reverse the decision of the Court of Appeals.[5] If the Court reverses *Ranucci I*, Wilkinson claims her NOI tolled the statute of limitations and, therefore, neither the NOI nor the Complaint should have been dismissed as untimely. However, even if her Complaint is deemed deficient based on her failure to contemporaneously file an expert affidavit, she contends any deficiency did not mandate dismissal. Rather, she asserts any dismissal under section 15-36-100(C)(1) is permissive given the statute states that a plaintiff's Complaint is "*subject to* dismissal for failure to state a claim." (Emphasis added.) Because dismissal is not statutorily mandated, Wilkinson claims the appropriate remedy

---

[5]  East Cooper asserts Wilkinson failed to preserve this issue for appellate review because she did not raise it to the circuit court. This assertion is without merit. Because the circuit court was bound to follow *Ranucci I*, it would have been futile for Wilkinson to challenge the propriety of *Ranucci I* as the circuit court had no authority to alter the decision of the Court of Appeals.

would be for her to be given an opportunity to cure any defect as the Court permitted a plaintiff to file an amended Complaint after the expiration of the statute of limitations in *Spence v. Spence*, 368 S.C. 106, 628 S.E.2d 869 (2006).[6]

Alternatively, Wilkinson maintains her Complaint was not deficient as it stated facts sufficient to support a cause of action and Respondents were already in possession of the expert affidavit that was filed with the NOI. Thus, because Respondents were not prejudiced by the alleged deficiency, Wilkinson claims dismissal was not the appropriate sanction.

**B.     Application of *Ranucci II* as to the Sufficiency of the NOI**

Recently, this Court reversed *Ranucci I*. *Ranucci v. Crain*, Op. No. 27422 (S.C. Sup. Ct. filed July 23, 2014) ("*Ranucci II*"). In so ruling, we held that section 15-79-125(A) incorporates section 15-36-100 in its entirety. Thus, we ruled that a medical malpractice claimant may invoke section 15-36-100(C)(1), which permits the claimant to file an expert witness affidavit within forty-five days after filing the NOI. *Id.*

---

[6] In support of this proposition, Wilkinson relies on *Spence*, wherein this Court found that when a Complaint is dismissed under Rule 12(b)(6), "the dismissal generally is without prejudice" and "[t]he plaintiff in most cases should be given an opportunity to file and serve an amended complaint." *Spence*, 368 S.C. at 129, 628 S.E.2d at 881. The Court explained:

> When a plaintiff is not given the opportunity to file and serve an amended complaint, but is left with no choice but to appeal after dismissal of her case with prejudice, an appellate court which affirms the dismissal may modify the lower court's order to find the dismissal is without prejudice. *When the statute of limitations has expired, the appellate court may in its discretion impose a reasonable period of time in which to amend the complaint.* An appellate court should follow this procedure when the plaintiff presents additional factual allegations or a different theory of recovery which, taken as true in a well-pleaded complaint, may state a claim upon which relief may be granted.

*Id.* at 130, 628 S.E.2d at 881-82 (emphasis added).

In the instant case, Wilkinson filed the NOI on September 1, 2011 in compliance with section 15-79-125(A).  S.C. Code Ann. § 15-79-125(A) (Supp. 2013).  Because the statute of limitations was due to expire within a short period of time, Wilkinson did not include an expert witness affidavit with the NOI, but stated that she would file one at a later date.  Pursuant to section 15-36-100(C)(1), Wilkinson had an additional forty-five days to supplement her NOI with an expert affidavit.  *Id.* § 15-36-100(C)(1).  Wilkinson acted within the statutorily designated time period as she filed the affidavit of Dr. Newkirk on October 5, 2011.  As a result, Wilkinson's properly filed NOI tolled "all applicable statutes of limitations" pursuant to section 15-79-125(A).  Accordingly, the circuit court erred in finding that Wilkinson's NOI was not sufficient to toll the statute of limitations.

After the NOI was properly filed, the parties strictly adhered to the pre-litigation procedures outlined in section 15-79-125.  Specifically, the parties engaged in discovery and participated in mediation within the statutorily mandated 120-day time period.  *Id.* § 15-79-125(B) ("After the Notice of Intent to File Suit is filed and served, all named parties may subpoena medical records and other documents potentially related to the medical malpractice claim pursuant to the rules governing the service and enforcement of subpoenas outlined in the South Carolina Rules of Civil Procedure.  Upon leave of court, the named parties also may take depositions pursuant to the rules governing discovery outlined in the South Carolina Rules of Civil Procedure.");  *id.* § 15-79-125(C) ("Within ninety days and no later than one hundred twenty days from the service of the Notice of Intent to File Suit, the parties shall participate in a mediation conference unless an extension for no more than sixty days is granted by the court based upon a finding of good cause.").

Following the failed mediation attempt on January 20, 2012, Wilkinson initiated her civil action by filing a timely summons and complaint on January 25, 2012, as required by section 15-79-125(E).  *Id.* § 15-79-125(E) ("If the matter cannot be resolved through mediation, *the plaintiff may initiate the civil action by filing a summons and complaint* pursuant to the South Carolina Rules of Civil Procedure.  The action must be filed:  (1) *within sixty days after the mediator determines that the mediation is not viable, that an impasse exists, or that the mediation should end*; or (2) prior to expiration of the statute of limitations, *whichever is later*." (emphasis added)).  Consequently, Wilkinson complied with the pre-litigation requirements and timely initiated her civil action.

## C.    Dismissal of Civil Action with Prejudice

Having found that Wilkinson timely initiated her civil action, the question becomes whether the Complaint was sufficient to comply with the requirements of section 15-36-100 as Wilkinson never supplemented this pleading with an expert affidavit.

As a threshold matter, we disagree with any contention that the clerk of court's assignment of separate Common Pleas case numbers to the NOI and the Complaint converted Wilkinson's medical malpractice case into two civil cases that required two expert affidavits.  The assignment of a different case number to the pre-litigation pleadings and the litigation pleadings is of no consequence because they both comprise a single medical malpractice claim.  *See Fisher v. Pelstring*, 817 F. Supp. 2d 791, 807 n.8 (D.S.C. 2011) (analyzing procedures for initiating medical malpractice claims and stating "[s]ection 15-79-125 also does not include any language indicating that the case number under which a Notice of Intent is served on a defendant must be the same as the case number assigned to the complaint served on that defendant if a civil action is ultimately initiated").

Once Wilkinson initiated the civil action, the proceedings continued to be governed by section 15-36-100.  Significantly, section 15-36-100(B) states:

> *Except as provided in Section 15-79-125*, in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of South Carolina and listed in subsection (G), *the plaintiff must file as part of the complaint an affidavit of an expert witness* which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

S.C. Code Ann. § 15-36-100(B) (Supp. 2013) (emphasis added).  As we interpret this provision, the plain language of the first sentence expressly exempts a medical malpractice claimant from filing a second expert affidavit as one has already been filed with the NOI pursuant to section 15-79-125.

Such a construction harmonizes the two statutes and is consistent with the intent of the legislature to create a unique pre-litigation period of discovery and

mandatory mediation via section 15-79-125 in order to filter out frivolous claims at the earliest stage in medical malpractice cases. However, this procedure does not create two separate cases. Rather, the plaintiff must properly initiate the claim with the NOI and attempt to resolve the case within a short timeframe. If the parties fail to resolve the case through mediation, the case almost immediately progresses as a customary professional negligence action. Thus, to require a second expert affidavit at the litigation stage in the proceeding leads to an absurd result as the plaintiff's claim has not changed during the pre-litigation proceedings. This conclusion, however, does not obviate the need for a plaintiff to offer additional expert testimony as it may be necessary to withstand a defendant's motion for summary judgment or to support the claim at trial.[7]

Finally, such an interpretation is consistent with the Court's decisions to permit medical malpractice cases to proceed on the merits rather than to affirm unwarranted dismissals based on technical noncompliance with the medical malpractice statutes. *See Ross v. Waccamaw Cmty. Hosp.*, 404 S.C. 56, 744 S.E.2d 547 (2013) (concluding that failure to timely complete the pre-litigation mediation process as required by section 15-79-125 does not divest the trial court of subject matter jurisdiction or mandate dismissal); *Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 725 S.E.2d 693 (2012) (holding that the pre-litigation expert affidavit, which is filed pursuant to section 15-79-125, must specify at least one negligent act or omission and the factual basis for each claim, but does not need to include an opinion as to proximate cause and, therefore, medical malpractice claimant's case could proceed as the pre-litigation affidavit was sufficient).

Based on the foregoing, we hold the circuit court erred in granting Respondents' motions to dismiss as Wilkinson's Complaint was timely and sufficient to properly initiate a civil action for medical malpractice. In view of our decision, it is unnecessary to address Wilkinson's remaining argument that she should be permitted to supplement her Complaint with an expert affidavit based on *Spence*. *See Futch v McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613,

---

[7] Although East Cooper references decisions from other jurisdictions to support the contention that a second affidavit is required, its reliance on these cases is misplaced as the underlying state statutes are distinctly different from our state's medical malpractice statutes. Moreover, our research did not reveal any state statutes that were identical to those in this state. Thus, even though cases from other jurisdictions involving medical malpractice may provide guidance as to policy or theory, the text of the underlying statutes is not similar enough to be dispositive in the instant case.

518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## IV.    Conclusion

Having reversed *Ranucci I*, we hold Wilkinson could invoke section 15-36-100(C)(1), which extended the time for filing the expert witness affidavit with her NOI and tolled the statute of limitations.  As a result, Wilkinson timely filed her Complaint.  Moreover, Wilkinson was not required to file a second expert witness affidavit in order to properly initiate her civil action because the affidavit filed with her NOI was sufficient for statutory compliance.  Accordingly, we reverse the decision of the circuit court and remand the case for further proceedings.

**REVERSED AND REMANDED.**

**TOAL, C.J., KITTREDGE and HEARN, JJ., concur.  PLEICONES, J., dissenting in a separate opinion.**

**JUSTICE PLEICONES:**  I respectfully dissent.  Appellant failed to file an expert witness affidavit contemporaneously with her Notice of Intent to File Suit as mandated by S.C. Code Ann. § 15-79-125(A) (Supp. 2013).  I would therefore affirm the circuit court's decision.  *See Ranucci v. Crain*, Op. No. 27422 (S.C. Sup. Ct. filed July 23, 2014) (Pleicones, J., dissenting).