**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Beverly C. Moore-Rowe, Appellant,

v.

Bon Secours-St. Francis Xavier Hospital, Inc., d/b/a Bon Secours St. Francis Xavier Hospital, Bon Secours St. Francis Hospital and Roper St. Francis Healthcare, Bon Secours St. Francis Health System, Inc., d/b/a Bon Secours St. Francis Xavier Hospital, Bon Secours St. Francis Hospital and Roper St. Francis Healthcare, Bon Secours Health System, Inc., d/b/a Bon Secours St. Francis Hospital and Roper St. Francis Healthcare, Roper St. Francis Foundation, d/b/a Roper St. Francis Healthcare, Bon Secours-St. Francis Health System Foundation, Inc., d/b/a Roper St. Francis Healthcare, Roper Hospital, Inc., d/b/a Roper St. Francis Healthcare, Byron N. Bailey, M.D., Christine C. Thompson, M.D., a/k/a Christine Thompson, M.D., Charleston Neurosurgical Associates, LLC, Mt. Pleasant Anesthesia Associates, PA, Charleston Surgery Center Limited Partnership, d/b/a Charleston Surgery Center, Tammy McGraw, CRNA, a/k/a Tammy McGraw Speicher, CRNA, Nurse Anesthesia of South Carolina, LLC, Jeffery S. Wager, CRNA, Tricoastal Healthcare Billing and Management, Inc., and Steven Heath Cobb, Respondents.

Appellate Case No. 2013-001673

———————

Appeal From Charleston County

R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-289
Submitted May 1, 2015 – Filed June 17, 2015

**AFFIRMED**

Beverly C. Moore-Rowe, of Charleston, pro se.

James B. Hood, Robert H. Hood, and Deborah H.
Sheffield, all of the Hood Law Firm, LLC, of Charleston,
for Respondent Christine C. Thompson, M.D.; Darren K.
Sanders, of Buyck, Sanders & Simmons, LLC, of Mount
Pleasant, for Respondents Byron N. Bailey, M.D. and
Charleston Neurosurgical Associates, LLC; Jack G.
Gresh, of Hall Booth Smith, P.C., of Charleston, for
Respondent Charleston Surgery Center Limited
Partnership d/b/a Charleston Surgery Center; Andrew S.
Halio, of Halio & Halio, of Charleston, for Respondent
Steven Heath Cobb; Jonathan H. Dunlap, of Batten Lee,
PLLC, of Raleigh, North Carolina, for Respondents
Nurse Anesthesia of South Carolina, LLC, Jeffery S.
Wager, CRNA, and Tammy McGraw, CRNA, a/k/a
Tammy McGraw Speicher, CRNA; Fred W. Suggs, III of
Roe Cassidy Coates & Price, P.A., of Greenville, for
Respondents Bon Secours Health Systems, Inc., Bon
Secours St. Francis Health System Foundation, Inc., and
Bon Secours St. Francis Hospital; and Stephen L. Brown,
Joseph J. Tierney, Jr., Christine Kent Toporek, and
Russell Grainger Hines, all of Young Clement Rivers,
LLP, of Charleston, for Respondents Bon Secours-St.
Francis Xavier Hospital, Inc. d/b/a Bon Secours St.
Francis Xavier Hospital and Roper St. Francis
Healthcare, Bon Secours St. Francis Health System, Inc.,
d/b/a Bon Secours St. Francis Xavier Hospital and Roper
St. Francis Healthcare, Roper St. Francis Healthcare,

Roper St. Francis Foundation, d/b/a Roper St. Francis Healthcare, Roper St. Francis Healthcare, and Roper Hospital, Inc., d/b/a Roper St. Francis Healthcare.

———————

**PER CURIAM:**  Beverly Moore-Rowe appeals a circuit court order dismissing her medical malpractice case for failure to file an expert witness affidavit with her Notice of Intent to File Suit (NOI) pursuant to section 15-79-125 of the South Carolina Code (Supp. 2014).  Moore-Rowe argues the circuit court judge erred in (1) dismissing the NOI for her failure to contemporaneously file an expert witness affidavit, (2) finding the exception to the contemporaneous filing requirement codified in section 15-36-100(C)(1) of the South Carolina Code (Supp. 2014) was inapplicable, and (3) not recusing himself.  We affirm.

1.  As to issues one and two, we affirm because the record does not indicate that Moore-Rowe ever filed or otherwise produced an expert witness affidavit at any time or that she requested an extension to file an expert affidavit.  *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *Wilkinson v. E. Cooper Cmty. Hosp., Inc.*, 410 S.C. 163, 169-70, 763 S.E.2d 426, 430 (2014) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court.  That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." (internal citation and quotation marks omitted)); *Ranucci v. Crain*, 409 S.C. 493, 497, 763 S.E.2d 189, 191 (2014) (holding "section 15-79-125(A) incorporates section 15-36-100 [of the South Carolina Code (Supp. 2014)] in its entirety"); § 15-79-125(A) ("Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a [NOI] and an affidavit of an expert witness, subject to the affidavit requirements established in [s]ection 15-36-100 . . . ."); § 15-36-100(B) (requiring a plaintiff alleging professional negligence to submit an expert witness affidavit that "must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit"); § 15-36-100(C)(1) (allowing a plaintiff additional time to file an expert affidavit after filing her NOI: forty-five days or as extended by the circuit court upon motion); *id.* ("If an affidavit is not filed within the period specified in this subsection or as extended by the [circuit] court and the defendant against whom an

affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the [NOI] is subject to dismissal for failure to state a claim.").

2.  We find issue three is not preserved for our review.  *See Ness v. Eckerd Corp.*, 350 S.C. 399, 403-04, 566 S.E.2d 193, 196 (Ct. App. 2002) (stating a recusal issue is unpreserved if the circuit court does not rule on it and the appellant does not file a Rule 59(e), SCRCP, motion requesting a ruling).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.