**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dorchester County Taxpayers Association, individually, and on behalf of all others similarly situated; Weatherstone Property Owners Association, individually, and on behalf of all others similarly situated, George Resnick; William A. Harbeson; James Stephen Green, Jr.; Homer P. Gonzales; Gerald E. Ziegler; David Messinger; and South Carolina Public Interest Foundation; Appellants,

v.

Dorchester County; Dorchester County Council; David Chinnis, George Bailey, Jay Byars, Willie Davis, Carroll S. Duncan, Larry Hargett and William R. Hearn, Jr., in their official capacities as members of Dorchester County Council; Town of Summerville; Summerville Town Council; William E. McIntosh III, in his official capacity; Dorchester County Sheriff; Luther C. Knight, in his official capacity; Dorchester School District Two; Dorchester School District Two Board of Trustees; Joseph R. Pye, Justin Famsworth, Gail Hughes, Brian Mitchum, Tanya Robinson, Sam Clark, Barbara Crosby and Lisa Tupper, in their official capacities; Dorchester County School District Four; Dorchester County School District Four Board; Dorchester County Career and Technology Center; and Dorchester County Career and Technology Center Board of Trustees; Respondents.

Appellate Case No. 2018-001262

————————

Appeal From Dorchester County

Kristi Lea Harrington, Circuit Court Judge

Opinion No. 2021-UP-312
Heard June 15, 2021 – Filed September 1, 2021

**AFFIRMED**

Michael T. Rose, of Mike Rose Law Firm, PC, of
Summerville, and W. Andrew Gowder, Jr., of Austen &
Gowder LLC, of Charleston, for Appellants.

David Leon Morrison, of Morrison Law Firm, LLC, of
Columbia, for Dorchester County Career and Technology
Center and Dorchester County Career and Technology
Center Board of Trustees.

Drew Hamilton Butler, of Richardson Plowden &
Robinson, PA, of Mount Pleasant, and Anthony E.
Rebollo and Carmen Vaughn Ganjehsani, both of
Richardson Plowden & Robinson, of Columbia, all for
Dorchester County, Dorchester County Council, David
Chinnis, George Bailey, Jay Byars, Willie Davis, Carroll
S. Duncan, Larry Hargett, William R. Hearn, Jr., and
Luther C. Knight.

Erik P. Doerring and Robert L. Widener, both of Burr &
Forman LLP, and William H. Davidson, II, and Kenneth
P. Woodington, both of Davidson, Wren & DeMasters,
all of Columbia, all for Town of Summerville,
Summerville Town Council, and William E. McIntosh,
III.

Thomas Kennedy Barlow, of Halligan Mahoney &
Williams, of Columbia, for Dorchester School District
Two, Dorchester School District Two Board of Trustees,
Joseph R. Pye, Justin Famsworth, Gail Hughes, Brian

Mitchum, Tanya Robinson, Sam Clark, Barbara Crosby, and Lisa Tupper.

Kenneth Allen Davis, Tierney Felicia Dukes, and Charles J. Boykin, all of Boykin & Davis, LLC, of Columbia, and Adam Jordan Mandell, of Cambridge, Massachusettes, all for Dorchester County School District Four and Dorchester County School District Four Board.

---

**PER CURIAM:** This is a taxpayer dispute concerning the method by which School Resource Officers (SROs) are funded in Dorchester County. Various individual taxpayers and citizen groups (collectively, Plaintiffs) brought suit asserting the manner in which SROs are funded violates section 12-37-220 of the South Carolina Code (2014 & Supp. 2020), a tax exemption statute.[1] Plaintiffs appeal the circuit court's dismissal of this claim, arguing the circuit court erred in finding the suit involved the collection of taxes, thereby requiring them to pursue administrative remedies pursuant to the South Carolina Revenue Procedures Act[2] (RPA). Plaintiff David Messinger appeals the dismissal of his related cause of action for violation of his constitutional rights. We affirm.

## FACTS/PROCEDURAL BACKGROUND

---

[1] Subpart 47(a) of section 12-37-220, entitled General Exemption from Taxes, is the subject of Plaintiffs' concern and it provides:

> Effective for property tax years beginning after 2006 and to the extent not already exempt pursuant to [s]ection 12-37-250, one hundred percent of the fair market value of owner-occupied residential property eligible for and receiving the special assessment ratio allowed owner-occupied residential property pursuant to [s]ection 12-43-220(c) is exempt from all property taxes imposed for school operating purposes but not including millage imposed for the repayment of general obligation debt.

[2] S.C. Code Ann. §§ 12-60-10 to 12-60-3390.

Currently, in Dorchester County, SROs are actively employed police officers who are assigned to a particular school. The school district pays the sheriff's office or police department for the use of the officers, and the county or town pays the officers' salaries. After a state representative commissioned a report about employing a private security force to fill SRO positions, whether SROs should be provided through existing law enforcement or by a private source became the subject of public debate in the community.[3] Messinger, a police officer with the Town of Mount Pleasant, was in favor of a private security force and voiced his opinion in favor of such as administrator of a Facebook webpage. In response, William E. McIntosh, III, a member of Summerville Town Council, posted a Facebook message stating:

> Mr. Messinger is just sore that the county didn't go along with his and Mike Turner's hare-brained scheme to create a taxpayer-financed private security force for washed-out enforcement officers.
>
> The truth is you were part of a group of unemployed and barely employed law enforcement officers and former (and with good reason former) law enforcement officers who rallied behind Mike Turner to hoo-doo District 2 into supporting the creation of [a] private security force in our schools. It was nothing more than a full employment scheme for washed-out cops. The county saw right through it, and now you're mad at the county council chairman. You are right – I do have a sense of humor. Hopefully, you[r] chief in Mt. Pleasant has one too.
>
> [Messinger] spent countless hours emailing folks to support this hare-brained private security scheme for all our schools, and he is spitting nails at the county for quashing it.

David Chinnis, a member of Dorchester County Council, reposted this message along with the comment, "Nailed it, Bill."

---

[3] This report determined utilizing private security would be more cost effective.

According to Messinger, Tony Phinney, a captain with the Dorchester County Sheriff's Office, also called Messinger's supervisor in Mount Pleasant and disparaged him, suggesting he should be fired. Additionally, Messinger alleged McIntosh queried him as to whether his supervisor was aware of his activities in favor of the privatization of SROs.

Plaintiffs filed a declaratory judgment action against Dorchester County and County Council (collectively, the County), the Town of Summerville and Town Council (collectively, the Town), and Dorchester County School Districts 2 and 4 (DD2 and DD4, respectively), as well as several individuals—specifically, Luther Knight, Dorchester County Sheriff (the Sheriff); Chinnis, in his official capacity; Phinney, in his official capacity and individually; and McIntosh, in his official capacity and individually. Plaintiffs alleged the County and the Town were violating section 12-37-220 because funding SROs constituted a "school operating expense," so the payment of SRO costs with Plaintiffs' taxes violated the provisions of the statute. They also alleged a cause of action for double taxation. Additionally, Plaintiffs alleged DD2's and DD4's conduct violated section 12-37-220. Messinger also filed personal claims against the County, the Town, the Sheriff, Chinnis, Finney, and McIntosh, alleging violations of his state and federal constitutional rights to freedom of speech and association and the right to petition the government for a redress of grievances.[4]

Certain defendants moved to dismiss the complaint, and the circuit court granted the motions as to all causes of action except the third cause of action directed soley against DD2.[5] With regard to the allegations of a section 12-37-220 violation and double taxation, the circuit court found the controversy was a dispute involving the "collection of taxes," and therefore Plaintiffs were required to pursue administrative remedies pursuant to the RPA.[6] As to DD4, the circuit court held DD4 did not have taxing authority and could therefore not be responsible for

---

[4] These are the causes of action in Plaintiffs' second amended complaint (the complaint).

[5] This appeal involves only the dismissal of Plaintiffs' first cause of action and Messinger's federal constitutional claim.

[6] The dismissal was without prejudice. *See Brackenbrook N. Charleston, LP v. Cnty. of Charleston*, 360 S.C. 390, 395-96, 602 S.E.2d 39, 42-43 (2004) ("If a taxpayer brings a circuit court action when she should have pursued administrative remedies under the [RPA], the circuit court 'shall dismiss the case without prejudice.'" (quoting S.C. Code Ann. § 12-60-3390 (2000 & Supp. 2003)).

violating section 12-37-220.  The circuit court also held DD4's conduct did not violate the statute.  With respect to Messinger's claims, the circuit court concluded no cause of action existed to redress any alleged violation of his state constitutional rights.  Additionally, the circuit court dismissed Messinger's section 1983 claim[7] because his allegations were based in libel, which is not a recognized claim under section 1983.  This appeal followed.

**STANDARD OF REVIEW**

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6)[,SCRCP], an appellate court applies the same standard of review as the trial court."  *Wilkinson v. E. Cooper Cmty. Hosp., Inc.*, 410 S.C. 163, 169, 763 S.E.2d 426, 430 (2014) (quoting *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009)).  Consequently, the appellate court should construe the complaint in a light most favorable to the nonmoving party and determine if the facts alleged and the inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case.  *Id.* at 169-70, 763 S.E.2d at 430.  "The [c]ourt may sustain the dismissal when 'the facts alleged in the complaint do not support relief under any theory of law.'"  *Id*. at 170, 763 S.E.2d at 430 (quoting *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003)).

**LAW/ANALYSIS**

    **I.**       **Dismissal of Claims for Jurisdictional Reasons**

Plaintiffs argue the circuit court erred in finding their claims invoking section 12-37-220 involved the *collection* of taxes and in dismissing their claim because Plaintiffs must pursue administrative remedies.  We affirm the circuit court's dismissal on a different but related basis.

The circuit court was correct in recognizing disputes involving the collection of taxes should not be filed in circuit court.  *See* S.C. Code Ann. § 12-60-80(A) (2014) (stating "there is no remedy other than those provided in [the RPA] in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes").  However, the problem with Plaintiffs' claim is more fundamental than whether it belongs in circuit court or is subject to the pursuit of administrative remedies.  Plaintiffs take painstaking efforts to convince the court they are challenging *expenditures* of taxes based on a violation of section 12-37-220.  They

---

[7] 42 U.S.C. §1983 (2018).

carefully avoid challenging the collection of the taxes, and they do not seek a refund of their taxes. However, section 12-37-220 does not govern the *spending* of taxes. It relates to the collection, or more specifically, noncollection, of taxes. It does not confer a right on a taxpayer to question a school district's budgetary decisions or otherwise direct how the money collected is spent. Rather, it allows a taxpayer, with an owner-occupied residence, to claim he or she was improperly denied a tax exemption and seek a refund. Therefore, the claim, as set forth in the complaint, is not a claim upon which relief can be granted. *See Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 327, 701 S.E.2d 39, 47 (Ct. App. 2010) (affirming the 12(b)(6) dismissal of a claim when the pertinent statute on which plaintiff based its claim did not support the cause of action asserted). Accordingly, we affirm the circuit court's dismissal of the claim.[8]

## II.    Dismissal of DD4

Plaintiffs argue the circuit court erred in dismissing their claims against DD4, arguing the circuit court erred in finding (1) DD4 does not have taxing authority and (2) DD4 did not actually pay its SROs from the disputed funds. Plaintiffs contend whether DD4 has taxing authority is irrelevant to their claim and that the circuit court's factual findings about payment were incorrect. We affirm the dismissal.

Plaintiffs' appellate brief cites no authority for its argument that DD4's lack of taxing authority is an irrelevant point. *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."). Accordingly, that argument is abandoned. Additionally, the brief does not dispute the circuit court's finding that DD4 was not actually violating section 13-37-220 because it was not spending disputed funds to pay its SROs. Therefore, that finding is the law of the case and requires affirmation of the circuit court's dismissal under the two-issue rule. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."), *abrogated on other grounds by Repko v. Cnty. of Georgetown*, 424 S.C. 494, 818

---

[8] "The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal." Rule 220(c), SCACR.

S.E.2d 743 (2018)).  Consequently, we affirm the circuit court's dismissal of the claims against DD4.

### III.    Dismissal of Messinger's § 1983 Claim

Messinger contends the circuit court erred in dismissing his individual claim in the case because the complaint set forth sufficient allegations to establish infringement of his constitutional rights.  We disagree.

Messinger alleges conspiratorial acts by the parties that not only disparaged his reputation but deprived him of his right to free speech and association because he feared loss of employment.  The circuit court dismissed his claim because injury to reputation arising from defamatory statements is not a cognizable claim under section 1983.  We agree with the circuit court that injuries to reputation are not cognizable under section 1983.  *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (noting that harm or injury to reputation, even where inflicted by an officer of the state, "does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law").  However, we must also consider the employment/retaliation claims asserted by Messinger.  We conclude those allegations are misdirected.  In paragraph 61 of the complaint, Messinger maintains he

> was involuntarily counseled and warned by the Chief and the Internal Affairs Sergeant of the *Mt. Pleasant Police Department*; [he] was required [by that Chief] to cease being the Administrator of the Concerned Citizens of Dorchester County Facebook page as a condition of his continued employment *with the City of Mt. Pleasant*.

Messinger's employer was the only actor who could plausibly be construed as having impaired his constitutional rights, but the suit did not include his employer.  At least one court has held "it has never been established that a governmental official who does not himself retaliate but instead pressures another individual to retaliate . . . can be held personally liable [under section 1983]."  *Zaloga v. Borough of Moosic*, 841 F.3d 170, 177 (3d Cir. 2016).  Because Messinger's allegations either implicated only injury to reputation or were directed at a non-party, we affirm the circuit court's dismissal of Messinger's section 1983 claim.  *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

**CONCLUSION**

We affirm the dismissal of Plaintiffs' first cause of action because it fails to state a claim upon which relief can be granted. We affirm the dismissal of Plaintiffs' claims against DD4 because Plaintiffs abandoned the issue on appeal and/or their arguments are thwarted by the two-issue rule. Finally, we affirm the dismissal of Messinger's section 1983 claim because it is not a claim upon which relief can be granted. Consequently, the rulings of the circuit court are

**AFFIRMED.**

**KONDUROS, GEATHERS, and HEWITT, JJ., concur.**