**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

CCP Storage, LLC, Appellant,

v.

Dorchester County, Dorchester County Assessor's Office,
and Wayne Welch, in his capacity as chief assessor
within said office, Respondents.

Appellate Case No. 2019-001893

———————

Appeal From Dorchester County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-225
Submitted April 1, 2022 – Filed May 18, 2022

———————

**AFFIRMED**

———————

Randolph W. Cooper, of Daniel Island, for Appellant.

Bradley Allan Mitchell and John G. Frampton, both of
Dorchester County, of Saint George, for Respondents.

———————

**PER CURIAM:** CCP Storage, LLC (CCP) appeals the circuit court's dismissal of
its complaint pursuant to Rules 12(b)(1) and (6), SCRCP. On appeal, CCP
contends the circuit court had subject matter jurisdiction to adjudicate its lawsuit
pursuant to section 12-60-80(B) of the South Carolina Code (2014) because its

complaint raised a constitutional challenge and it did not have to exhaust its administrative remedies under the South Carolina Revenue Procedures Act[1] before bringing its action in the circuit court. We affirm pursuant to Rule 220(b), SCACR.

We hold section 12-60-80(B) is inapplicable here because CCP did not challenge the constitutionality of a statute; rather, it alleged the actions of the county assessor were unconstitutional. Thus, the circuit court did not err by dismissing CCP's case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Baddourah v. McMaster*, 433 S.C. 89, 96, 856 S.E.2d 561, 565 (2021) ("A court's subject matter jurisdiction is determined by whether it has the authority to hear the type of case in question." (quoting *Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011))); S.C. Code Ann. § 12-60-80(A) to (B) (providing that except for a declaratory judgment action on the constitutionality of a statute, "there is no remedy other than those provided in this chapter in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes"); S.C. Code Ann. § 12-60-3390 (stating the circuit court shall dismiss without prejudice an action covered by this chapter). Based on the foregoing, we also hold the circuit court did not err by finding CCP failed to state facts sufficient to constitute a cause of action.[2] *See Wilkinson v. E. Cooper Cmty. Hosp., Inc.*, 410 S.C. 163, 169, 763 S.E.2d 426, 430 (2014) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court." (quoting *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009))); *id.* at 170, 763 S.E.2d at 430 ("The [appellate court] may sustain the dismissal when 'the facts alleged in the complaint do not support relief under any theory of law.'" (quoting *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003))).

**AFFIRMED.**[3]

---

[1] S.C. Code Ann. §§ 12-60-10 to -3390 (2014 & Supp. 2021).

[2] As to CCP's argument the circuit court should be permitted to hear this case on the basis it involves an important public interest and the resolution would promote judicial economy, we find this issue is not preserved for appellate review because it was not raised to or ruled on by the trial court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**